DE MARCO v. DE MARCO.

(In Banc. Jan. 14, 1946.)

[24 So. (2d) 358. No. 35940.]

**Engle & Laub,** of Natchez, and **W. E. Gore,** of Jackson, for appellant.

**Joseph E. Brown,** of Natchez, for appellee.

**L. A. Smith, Sr., J.,** delivered the opinion of the court.

At the July term, 1940, of the Chancery Court of Adams County, apellee obtained a divorce from appellant and an award of alimony of $75 per month, payable on the 1st and 15th day of each month thereafter ''until Mollie Aubrey De Marco, the youngest of the children of complainant and defendant, shall become twenty-one years of age; and that upon Mollie Aubrey De Marco becoming twenty-one years of age; the matter of alimony and support shall be then resubmitted to this court for readjustment.''

On October 14, 1944, Mollie Aubrey De Marco became twenty-one years of age, and subsequently appellant, without any order of the court or resubmission of the

question, arbitrarily reduced the semi-monthly payments to $18.75, which was one-half of the amount originally awarded appellee.

Appellee, on the 18th day of December, 1944, filed a petition by which she resubmitted the question of alimony to the chancery court for readjustment. Appellant answered the petition of appellee, pleading certain matters in justification of his reduction in the payment of the prior award of alimony, having to do mainly with his and appellee's financial resources and obligations. Among other defenses offered by appellant, he averred the following: "Respondent admits that his earnings since July, 1940, have somewhat increased, but shows unto the court that his obligations and expenses have likewise increased; and that in June, 1941, he remarried, and since that time has a wife to support, who under the law is entitled to support and maintenance and whose position in equity and in right comes prior to the claims of complainant."

The case was heard by the chancellor on testimony by and on behalf of both parties and at the conclusion thereof final decree was entered "That the sum of $65.00 a month is a fair, reasonable, equitable and just sum and amount to be now and henceforth paid by the defendant unto the complainant, Mrs. Camille De Marco, by way of permanent alimony." And an award was made to appellee accordingly by said decree, from which appellant appealed, and assigned as error the entering of said decree under the proof made at the trial of this case.

In Lee v. Lee, 182 Miss. 684, 181 So. 912, we held that the chancellor's decision, on the facts, modifying alimony decree will not be set aside unless it is against the overwhelming weight of the evidence. The allowance by the chancellor in this case, in our judgment, was not against the overwhelming weight of the evidence and therefore we decline to interfere by its reduction.

We deem it necessary to mention only one other feature in the case, and that is the effect upon the alimony award to appellee of the remarriage of the appellant husband,

which second marriage appellant asserts gave prior right to the second wife over the claims of the first wife, appellee here. Suffice it to say that generally one cannot relieve himself from the payment of alimony according to the provisions of a divorce decree by the obligations imposed upon him by a second marriage. State ex rel. Brown v. Brown, 31 Wash. 397, 72 P. 86, 62 L. R. A. 974, since, generally, the claim of the divorced wife, under alimony award, on his earnings takes precedence over that of the second wife. We are, therefore, of the opinion that this plea of appellant, here, was not available to him in support of his asserted right to decrease of obligation to appellee.

In our judgment, appellee is entitled to the allowance of $35, as solicitor's fee for services here, and consequently said amount is so awarded to her, in harmony with a written agreement of the parties, through their solicitors of record, on file in this Court.

Since in our opinion the decree of the chancellor was correct, it will be and is affirmed.

Affirmed.