ALDRIDGE *v.* ALDRIDGE.

(In Banc.   Nov. 25, 1946.)

[27 So. (2d) 884.   No. 36220.]

Forrest G. Cooper and Jack E. Harper, Jr., both of In-
dianola, for appellant.

Neill, Clark & Townsend, of Indianola, for appellee.

Argued orally by **Forrest G. Cooper**, for appellant, and by **Arthur B. Clark**, for appellee.

**Alexander, J.**, delivered the opinion of the court.

Bill for divorce and alimony was filed by appellee. Divorce was granted, with alimony pendente lite and counsel fees.

By way of permanent alimony, the following awards were made obligatory upon appellant in appellee's favor: The sum of $7,500 payable within thirty days; confirmation of title in appellee to an eighty acre tract in Sunflower County described as SE¼ of SW¼ and SW¼ of SE¼ of Section 32, Township 20, Range 3 West; the payment and cancellation of an outstanding indebtedness against said lands in the principal sum of $940.96, together with accrued taxes thereon; and the fixing of a lien upon other lands to secure the payment of such sums. From the decree making such awards, appeal is here prosecuted.

It is elemental that the manner and amount of such awards are peculiarly and primarily matters for decision by the chancellor. This Court withholds its own views in deference to the discretion of the court before whom the witnesses appear, and whose solicitude for a just determination is presumed to have integrated into its decision the relevant factors of comparative need and ability, physical and financial condition, and the present and future effect upon the well-being of both parties. These conclusions packaged under the solicitous scrutiny of the chancellor and secured by the seal of a factual determination

are ordinarily accepted and retained intact and rarely opened for inspection. Certainly it is impervious to damage or deterioration from exposure to mere doubts. De Marco v. De Marco, 199 Miss. 165, 24 So. (2d) 358; McNees v. McNees (Miss.), 24 So. (2d) 751. Pursuant to such policy, we conclude that the fixing of the amount of alimony at $7,500 was not unwarranted. In fixing the amount, the learned chancellor decided conflicting issues touching appellant's net worth and his ownership of substantial real estate. The record presents to us many of these complexities which we need not resolve save to the extent that we find substantial basis for the conclusions of the trial court.

It is true that awards of alimony in a lump sum have been approved. Miller v. Miller, 173 Miss. 44, 159 So. 112; Hopkins v. Hopkins, 174 Miss. 643, 165 So. 414. It is equally true that Code 1942, Section 2743, authorizes the court, in its discretion, having regard to the circumstances of the parties and the nature of the case, "as may seem equitable and just" to make all orders touching the maintenance and alimony of the wife.

Any test of the justice of such award must include not only the benefit to the wife but the resultant burden to the husband. Once it is determined, as by our acceptance of the chancellor's finding we have done, that the amount awarded is a sufficient benefit to the wife; there remains the duty of testing the extent of the correlative burden upon the husband. The record justifies the conclusion that the payment of such lump sum could be made only by liquidating valuable properties in order to salvage their net equities or by increasing loans already burdensome. The difficulties ordinarily attendant upon the procuring of additional funds under existing liens will not be ameliorated by the inevitable disclosure of the occasion of, nor the purpose for, such additional advances. The record shows no substantial funds presently available, and contains some substantial basis for inferences that

appellant controls no liquid assets commensurate with the amount of the lump sum award.

No pressing need seems to require the immediate payment of the entire award. We are privileged, as was the chancellor, to take into account the possibility of important and controlling changes in the status of the parties. In the absence of an existing emergency or of evidence that there is involved a division of property accumulated by joint labor or investment, the station of both parties calls for an award which takes due notice of the duty owed to the wife by the husband, and the duty owed the husband by the law. In retrospect, a substantial lump sum allowance could later be seen as unjust to the husband if the needs of the wife should be terminated by her early death or remarriage. See Guess v. Smith, 100 Miss. 457, 56 So. 166. Ann. Cas. 1914A, 300. On the other hand, injustice could later be found to have been done a needy wife whose allowance of a bare monthly subsistence was too soon cut off by the death of the husband.

All these factors have been recognized in our conclusion to allow the award of alimony to stand, but we are constrained to further insure the allowance against inequity or oppression by reducing the amount presently payable to $1,500 on or before January 1, 1947, the balance to be payable quarterly beginning April 1, 1947, in installments of $500 each until the full sum of $7,500 shall have been paid, without interest save after the maturity date of any delinquent installment. Such readjustment compels the ready endorsement of both justice and wisdom, from which only one susceptible to an impulse toward immediate and improvident dissipation would dissent.

It is the intent of such award to invest the entire allowance with the incidents of a lump sum award payable at all events by the appellant, any unpaid balance due and unpaid at his death to constitute a charge against his estate. It is provided, however, that despite its aspect as such award, all unmatured installments save the initial sum presently payable shall be cancelled and unenforce-

able in the event of the death or remarriage of appellee. The liens fixed by the trial court to secure such payments shall remain.

We revert to that part of the decree confirming title in appellee to the tract described in the second paragraph hereof. We are not disposed to disturb this finding made upon conflicting testimony. To compel appellant to liquidate the indebtedness thereon is tantamount to increasing the award of alimony by the sum of $940.96 and accrued interest. There is sufficient evidence of appellee's knowledge of the indebtedness thereon, or a purpose to so burden it, to constitute her assent thereto. In fact, the record justifies the inference that such lien is directly traceable to the circumstances of its original purchase. Our amended award of a substantial and immediate sum takes account of this lien as well as of the appellee's confirmed title to this valuable asset. She is therefore in a position to elect whether the lien is to be discharged and is provided means thereunto. We therefore amend the award to exclude this obligation. We find it just to affirm the decreed obligation of the appellant to pay the taxes and special assessments thereon for the year 1945, during which he operated the lands as his own.

The award heretofore made on account of solicitors' fees is not disturbed. Such total awards are not insubstantial. In view of the disclosed ability of the appellee to meet further obligations on this account, and in view of the real and personal assets now possessed by her, we take no action upon the suggestion of counsel for additional fees in this Court. Compare Miller v. Miller, supra.

The award of the trial court will be affirmed subject to the modifications hereinbefore outlined.

So ordered.

**Sydney Smith, C. J.**, did not participate in this decision.