254 So.2d 726 (1971)
Preston L. NICHOLS
v.
Lillie Frank NICHOLS.
No. 46419.
Supreme Court of Mississippi.
November 22, 1971.
Scales & Scales, Derek E. Parker, Jackson, for appellant.
William Ward, Starkville, for appellee.
GILLESPIE, Chief Justice.
A petition for modification of a divorce decree was filed by the appellant (husband) wherein he averred that the circumstances of the parties had materially changed and asked the Chancery Court of Oktibbeha County to modify or terminate the alimony payments ordered under the original decree. Trial was held in the August 1970 term, whereupon the chancellor denied the relief, and husband appealed.
The appellee (wife) was granted a divorce from the husband on June 29, 1965. Prior to the divorce, husband and wife entered *727 into an agreement in which husband agreed to convey to wife the equity in the house that the parties had bought and were paying for, all of the household furnishings, their 1962 Chevrolet automobile, a $1,000 life insurance policy on the life of husband, and to pay her $150 per month alimony. This agreement was incorporated in the court's final decree and husband was ordered to sell eighty acres of land which he owned, and to pay wife's debts with the money.
The gross annual earnings of the parties prior to the divorce decree were $4,747 for the husband and $3,285 for the wife, or a differential of $1,462. Both parties have received raises since the divorce, and their present gross annual earnings are $6,960 for the husband and $5,240 for the wife, or a differential of $1,720. Both parties are about the same age, have ailments which are corresponding to their relative ages and sexes, and have practically the same medical, drug, and household expenses.
Since the divorce, husband has remarried and moved from Starkville to Rankin County. He bought a suburban home located on three acres of land near Jackson. Wife has not remarried and there are no children or other dependents living with her. She is occupying the same home and driving the same car as at the time of the divorce. Wife testified that she has adjusted to the divorce as much as can be expected.
Husband argues that these facts and the other facts and circumstances show that he is unable to maintain a normal standard of living, and that which his occupation demands, on his present income. Husband further argues that there has been such a material change in the circumstances of the parties as to require modification of the alimony payments. With this contention we agree.
In determining the amount of alimony to be awarded, consideration must be given to the rights of the husband to lead as normal a life as reasonably possible with a decent standard of living. The general rule is that "the wife is entitled to a reasonable allowance of alimony, commensurate with her accustomed standard of living and the ability of the husband to pay * * *." Hibner v. Hibner, 217 Miss. 611, 617; 64 So.2d 756, 758 (1953). In Aldridge v. Aldridge, 200 Miss. 874, 27 So.2d 884 (1946), this Court said:
Any test of the justice of such award must include not only the benefit to the wife but the resultant burden to the husband. Once it is determined, as by our acceptance of the chancellor's finding we have done, that the amount awarded is a sufficient benefit to the wife, there remains the duty of testing the extent of the correlative burden upon the husband. 200 Miss. at 878, 27 So.2d at 885.
The great disparity which lies in this situation is readily apparent from a comparison of the gross incomes of the parties before and after the alimony payments. When the $1,800 annual alimony payments are deducted from the husband's present gross income and added to that of the wife, the net result is $5,160 for the husband and $7,040 for the wife, or about $1,880 more for the wife. Thus the husband is being forced to contribute such a large percentage of his income to the wife that she has a much greater income and standard of living than his own.
The wife has received raises amounting to $1,955 since the time of the divorce. As now applied, the original decree is manifestly inequitable, and we find such a material change in circumstances as to require a modification.
Since the wife is not without funds and is capable of paying her own attorney's fees, the chancellor's order requiring the appellant to pay the attorney's fees of the wife is reversed. Miller v. Miller, 173 Miss. 44, 159 So. 112 (1935). The order of the chancery court denying the petition *728 of appellant for modification of alimony is reversed and the case is remanded to the chancery court where the chancellor shall exercise his discretion by reducing the alimony to a reasonable amount.
Reversed and remanded.
JONES, BRADY, PATTERSON and SMITH, JJ., concur.