312 So.2d 12 (1975)
George William McKAY
v.
Rose Marie Cinquanto McKAY.
No. 47986.
Supreme Court of Mississippi.
May 5, 1975.
*13 McLaurin & Nicols, Brandon, for appellant.
Thomas D. Lee, Forest, for appellee.
Before RODGERS, INZER and WALKER, JJ.
INZER, Justice:
Appellant George William McKay filed suit in the Chancery Court of Rankin County seeking a divorce from his wife Rose Marie McKay on the grounds of habitual cruel and inhuman treatment. Appellant also sought custody of George William McKay, Jr., the only child born to the marriage, then about eight years of age. Mrs. McKay answered the bill of complaint and denied that she had been guilty of habitual cruel and inhuman treatment of the complainant. Mrs. McKay made her answer a cross bill alleging that appellant had been guilty of habitual cruel and inhuman treatment of her, but in an effort to preserve their marriage she endured such treatment, yet in spite of her efforts, appellant voluntarily separated from her. She prayed for temporary and permanent separate maintenance, the custody and support of their child and for certain other relief.
A temporary hearing was had and the court entered an order on March 2, 1973, granting Mrs. McKay the temporary custody of the child and giving appellant specific visitation rights. The court also granted Mrs. McKay the temporary exclusive use of the home and household effects and required appellant to make the monthly payments on the house and to pay all the utility bills. The court also required appellant to pay Mrs. McKay $100 per month for the support of their child and to keep the child and his wife eligible for medical benefits under his retirement from the U.S. Navy.
The case was tried on the merits at the regular September 1973 term of the court and after a two-day hearing the court determined from the evidence that appellant failed to establish that he was entitled to a divorce or the custody of the child. The court after remarking that Mrs. McKay's conduct had not been too good made the provisions of the temporary order permanent by way of separate maintenance. A decree was entered accordingly; hence, this appeal.
Appellant first contends that the chancellor was manifestly wrong in denying him a divorce. We do not deem it necessary to detail the evidence on this issue. It is sufficient to say that the evidence was in sharp conflict. The chancellor heard the evidence and observed the witnesses as they testified and in his memorandum opinion he analyzed the testimony of the various witnesses and reached the *14 conclusion that appellant had failed to establish that he was entitled to a divorce on the ground of habitual cruel and inhuman treatment of him. As the trier of the facts, the chancellor passed upon the credibility of the witnesses, the weight of their testimony, as well as interpreting the evidence where it was capable of more than one reasonable interpretation. After a careful review of the evidence in this case, we cannot say that the chancellor was manifestly wrong in denying appellant a divorce.
The only other point raised on appeal which merits discussion is whether the support payments appellant is required to pay are so excessive as to be unjust and inequitable. We are of the opinion that they are. The record reflects that appellant's only source of income is his salary of $402 per month as an employee of the Game & Fish Commission and retirement pay from the Navy in the amount of $286.43, making a total of $688.43. Mrs. McKay was working and her take home pay was $260 per month. Out of Mr. McKay's income he is required to pay $100 per month child support, $267 house payment, and the utilities, which at the time of the trial were in excess of $50 per month, and which are undoubtedly larger at this time, making a total of at least $429.00 per month. After these payments are deducted from Mr. McKay's income, he was left with $258.93 per month with which to pay for his room, board, clothing, automobile expense and other necessities. We held in Nichols v. Nichols, 254 So.2d 726 (Miss. 1971), that in determining the amount of alimony to be awarded the wife consideration must be given to the rights of the husband to lead as normal a life as possible with a decent standard of living. This right must be considered in connection with the reasonable needs of the wife, taking into consideration the customary mode of living during the marriage. After making the payments required by the court, appellant does not have left sufficient funds to maintain a decent standard of living and is entitled to a reduction in the amount that he is required to contribute towards the support of his wife.
The problem in this case is the extraordinarily large monthly house payment. The record reflects that the parties were barely able to make these payments while they were living together. It is obvious that so long as they live separate and apart, they cannot afford such an expensive home. The only real solution to this problem is for the parties to reconcile their differences and live together and bring up their child as they should do. Absent this, it is impossible for them to maintain a decent standard of living and to pay for their home. The record reflects that the house is much larger than needed by Mrs. McKay and her child, but since the title to the property is in the parties as tenants in common it cannot be sold or rented except by agreement. This situation makes it extremely difficult for the court to deal with the problem relative to the home absent an agreement by the parties.
Appellant has requested that in the event that we determine that the payments are excessive and that he should contribute to the support of his wife that we fix the amount. However, we are of the opinion that the cause should be remanded so the chancellor may in his discretion hear and consider further testimony as to the present situation of the parties in determining and fixing the amount that appellant should contribute to the support of his wife in the future.
Appellee filed a motion in this Court for attorneys' fees to pay her solicitor for his services in this Court. The decree appealed from made no allowance to appellee for attorneys' fees. Evidently, the court was of the opinion that she had sufficient funds to pay her attorney for his services in the trial court. The motion does not allege that she is unable to pay her attorney for representing her in this Court, therefore, the motion will be overruled. *15 However, appellant will be taxed with all costs of appeal.
For the reasons stated the decree of the chancery court is affirmed in all respects except as to that part which granted appellee exclusive use of the home, the household furniture and required appellant to pay the monthly payments on the home and to pay the utilities each month. That part of the decree is reversed and the cause remanded for further consideration by the chancellor in accordance with this opinion.
Affirmed in part, reversed in part and remanded.
GILLESPIE, C.J., and PATTERSON, SMITH, ROBERTSON, SUGG and BROOM, JJ., concur.