William E. HICKS, Jr., Plaintiff,

v.

**The SECRETARY OF THE AIR FORCE and The Attorney General, Defendants.**

Civ. No. 84–0113–P.

United States District Court,
D. Maine.

Oct. 5, 1984.

William E. Hicks, Jr., pro se.

Paula D. Silsby, Asst. U.S. Atty., Portland, Maine, for defendants.

## MEMORANDUM AND ORDER DISMISSING ACTION

GENE CARTER, District Judge.

On April 2, 1984, Plaintiff, acting *pro se*, filed his complaint, seeking a declaration that 10 U.S.C. § 1408, the Uniformed Services Former Spouses Protection Act, violates the prohibition of involuntary servitude contained in the Thirteenth Amendment to the United States Constitution. The complaint also seeks to enjoin enforcement of that statute.

On June 1, 1984, Defendants filed a motion to dismiss (1) pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction; (2) pursuant to Fed.R.Civ.P. 12(b)(7) for failure to join an indispensable party; and (3) pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. After Plaintiff failed to file any objection to the Defendants' motion, Defendants moved on June 28, 1984, for judgment on their motion pursuant to Rule 19(c). The motion to dismiss was granted by the Court on July 9, 1984, with the following notation: "No objection having been filed, motion *granted* per Local Rule 19(c)." On July 16, 1984, Plaintiff filed his opposition to Defendants' motion to dismiss, accompanied by a letter explaining that he had only received notice of the motion on July 9. According to the letter, Plaintiff had been in California serving a 60-day jail sentence for contempt until June 16, had stayed in California an additional two weeks, and then returned to Maine, via Washington, D.C., on July 8, 1984.

Plaintiff's assertion that he failed to file a timely objection to Defendants' motion because he had no notice of it before it was granted is, in effect, a claim of excusable neglect, and the Court will treat Plaintiff's letter as a Rule 60(b) motion. The fact that Plaintiff was incarcerated in California on a related matter, during the period when objection might have been made within the time limits prescribed by Local Rule 19(c), is good cause for his failure to respond to service, which was made at his Maine address.

This case is clearly distinguishable from the long line of cases this Court has recently addressed under Rule 19(c). *See, e.g., Gideon v. Administrator, United States Small Business Administration,* 102 F.R.D. 604 (D.Me.1984); *Picucci v. Town of Kittery,* 101 F.R.D. 767 (D.Me.1984). In those cases the orderly process of the Court's motion procedure was disrupted through the inadvertence or inattentive practice of counsel. In short, there was neglect, but not excusable neglect. In this case the purposes of Rule 19(c) would not be furthered by its strict enforcement. Plaintiff could not have responded in time. Moreover, since he showed great diligence in responding as soon as he had notice, deterrence of future neglect is not indicated. The Court will, therefore, address Defendants' motion to dismiss on its merits.

The statute Plaintiff challenges provides that:

Subject to the limitations of this section, a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court.

10 U.S.C. § 1408(c)(1). The statute creates no right, *id.* at § 1408(c)(2), but it does empower the Secretary of the Air Force to make payments of the retired pay to a former spouse when served with an appropriate court order. *Id.* at § 1408(d)(1).

**692**

In 1978 a final judgment of legal separation was entered in the Superior Court of California ordering that Plaintiff's former spouse receive 37.77% of each gross monthly payment of Plaintiff's retirement benefits. Plaintiff appealed the divorce judgment to the California Court of Appeal on the grounds that the Supreme Court's decision in *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), precluded state courts from dividing military retired pay pursuant to community property law. On March 23, 1983, the court of appeal affirmed the divorce order, basing its decision on its interpretation of the statute challenged here, which had been enacted during the pendency of Plaintiff's appeal. The record does not reveal specifically whether Plaintiff appealed from the judgment of California's intermediate appellate court, but Defendants' memorandum indicates that such an appeal was filed and denied on May 18, 1983. On March 7, 1984, an order to show cause was issued in Plaintiff's divorce case in the California Superior Court for Fresno County ordering Plaintiff to appear and "give any legal reason why this court should not find [him] guilty of contempt and punish [him] for willfully disobeying its orders." On April 17, 1984, in the same court Plaintiff's former spouse filed a motion to modify the divorce decree to have payment of Plaintiff's military retirement pay made directly to her. According to Plaintiff's memorandum, both motions were heard on May 8, 1984. The record does not disclose the disposition of the motion for modification. At the hearing, Plaintiff was found in contempt and committed to the Fresno County Jail until June 16, 1984.

Although Plaintiff here challenges the constitutionality of a statute, the underlying cause of action is the same one litigated previously in the courts of California, i.e., the validity of his California divorce decree. Under the California rule of *res judicata*,[1]

Plaintiff is bound by the valid California final judgment on the merits of the instant cause of action, *see Los Angeles Unified School District v. Los Angeles Board NAACP*, 714 F.2d 935, 939 (9th Cir.1983), rehearing *en banc* ordered 725 F.2d 1257 (9th Cir.1984); *Dillard v. McKnight*, 34 Cal.2d 209, 214, 209 P.2d 387 (1949), not only as to matters which he presented to defeat the judgment but also as to any other matter which he might have offered. *See Los Angeles Unified School District v. Los Angeles Board NAACP*, 714 F.2d at 939; *Olwell v. Hopkins*, 28 Cal.2d 147, 168 P.2d 972 (1946). Whether or not Plaintiff actually did so, he had ample opportunity to challenge the constitutionality of 10 U.S.C. § 1408, which had been the basis for affirmance of the divorce order, either in the Supreme Court of California or at the show cause hearing. He is, therefore, bound by the decisions of those courts.[2]

Accordingly, it is ORDERED that the instant action be, and is hereby, DISMISSED.

So ORDERED.

---

1. The Court must give a state court judgment the *res judicata* effect that state law prescribes. *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982); *Isaac v. Schwartz*, 706 F.2d 15 (1st Cir.1983).

2. Defendants alluded to this argument in part in their brief and at argument, but mistakenly termed it a question of subject matter jurisdiction. Since the Court has resolved the matter on grounds of *res judicata*, it is not necessary to address the other bases for dismissal raised in Defendants' motion.