465 So.2d 1036 (1985)
Leslie T. POWERS
v.
Ruth W. POWERS.
No. 55334.
Supreme Court of Mississippi.
February 27, 1985.
Rehearing Denied April 10, 1985.
Dale Robinson, Gulfport, for appellant.
Thelma S. Zinner, Biloxi, for appellee.
Before PATTERSON, C.J., SULLIVAN and ANDERSON, JJ., and SUGG, Retired Supreme Court Justice.[1]
PATTERSON, Chief Justice, for the Court:
This is an appeal from the First Judicial District of Harrison County. There Ruth W. Powers was granted a divorce on a counterclaim she had interposed in response to a divorce proceeding brought by her husband, Leslie T. Powers. She was awarded the divorce on the ground of habitual cruel and inhuman treatment and was also awarded other benefits hereinafter discussed.
In the first assignment of error Mr. Powers contends the trial court's decree of divorce was against the overwhelming weight of the evidence. We are of the opinion the record amply supports the trial court's granting of the divorce on the ground stated. We therefore affirm on this point.
The second assignment of error is that the court's order awarding as permanent alimony the sum of not less than $200.00 per month unto the counter-claimant or one-half of her husband's gross naval retirement pay including increases, *1037 whichever is greater, is in error. Powers asserts the military retirement pay is not subject to an adjudication by a state chancery court. However, Title 10, U.S.C.A., Section 1408(c)(1), vests state courts with the power to allocate military retirement pay pursuant to a divorce decree. It provides:
(c)(1) Subject to the limitations of this section, a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court.
We affirm the trial court's decree on this point.
The third assignment of error appertains to an adjudication that Powers maintain his former spouse as the irrevocable beneficiary of his Military Survivors' Benefit Plan which is currently in effect. We are of the opinion that this action of the trial court is prohibited by Title 10, U.S.C.A., Section 1450(f)(3),
(3) Nothing in this chapter authorizes any court to order any person to elect under Section 1448(b) of this title to provide an annuity to a former spouse unless such person has voluntarily agreed in writing to make such election.
Subsection (i) carries the above protection to retired military personnel an additional step by stating, "(i) An annuity under this section is not assignable or subject to execution, levy, attachment, garnishment, or other legal process." Therefore, we are of the opinion the trial court erred in directing Mr. Powers to retain his Survivors' Benefit Plan Annuity designating his wife as the irrevocable beneficiary. We are of the opinion this error requires the case to be reversed and remanded to the trial court so that it may conduct an evidentiary hearing to consider an alternative method for Mrs. Powers' protection in lieu of the order concerning the Survivors' Benefit Plan.
The appellee has requested fees for her attorney for services rendered in defending this appeal. The record, however, does not disclose any evidence of an award previously made in the trial court or if so, in what amount. Therefore, the request for attorneys fees is denied.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
NOTES
[1] Sitting pursuant to Mississippi Code Annotated, Section 9-3-6 (Supp. 1984).