481 So.2d 1063 (1985)
Edward J. TANNER
v.
Karen E. TANNER.
No. 56584.
Supreme Court of Mississippi.
December 18, 1985.
James N. Randall, Jr., Gulfport, for appellant.
Kelly McKoin, Biloxi, for appellee.
Before PATTERSON, C.J., and PRATHER and ROBERTSON, JJ.
PRATHER, Justice, for the Court:
A difficult financial decision is presented in this separate maintenance suit from the Chancery Court of Harrison County. Karen E. Tanner filed for separate maintenance for herself and four minor children from her husband Edward J. Tanner. From an award of separate maintenance the husband appeals charging that:
(1) The chancellor erred as a matter of law and fact in ordering appellant to pay an aggregate sum exceeding the appellant's net monthly salary, thereby denying appellant a reasonable standard of living.
(2) The chancellor was in error in ordering that the appellee use "reason and restraint" in utility usage, as such order lacked specificity, definiteness and certainty rendering the order void.

I.
Karen E. Tanner, age 28 years, and Edward J. Tanner, age 31 years, were married in 1974 and separated in 1985. Four children, ages 10, 9, 6 and 5 were born to this marriage. Mr. Tanner was manager of a fast food restaurant netting a salary of $1460.70 per month. Mrs. Tanner had brain surgery six years ago and suffers from grand mal seizures. Her daily medications include dilantin and phenobarbital. Taking care of the household and family was Mrs. Tanner's daily routine. However, she does not drive an automobile due to susceptibility to seizures and she depends on family and friends for transportation. Mr. Tanner left the family residence and secured a separate apartment. Both parties are of the Catholic faith.
The chancellor ordered the husband to pay the debts and obligations incurred during the marriage by contract, as follows:

 Monthly
Name of Creditor Balance Payment
American Finance $1,395.00 $ 82.01
Household Finance 3,740.00 110.00
Firestone 226.15 24.00
*1064 Jackson Hospital 754.02 20.00
 _________ _______
 Subtotal $6,115.17 $236.01
 Other Liability
Crescent Federal $5,886.55 $107.03
 __________ _______
 TOTAL $12,001.72 $343.04

Additionally, taxes and insurance on home were averaged and ordered to be paid by appellant as follows:

 Taxes on Residence $ 6.00
 Insurance on Residence $ 33.00

The chancellor then ordered the appellant to pay to appellee six hundred dollars: four hundred dollars for food, one hundred dollars for clothes, and one hundred dollars for transportation. Telephone and electric utilities were estimated and averaged to be as follows:

 Telephone $ 30.00
 Electric Utility $147.00

The order further stated:
Plaintiff shall be as economical as possible and use reason and restraint incurring bills to be paid by the Defendant and shall submit the bills or true copies thereof to him prior to payment. Fixed monthly bills are not to be submitted to the Defendant, nor is the use of the $600.00.

II.
Appeal here is taken only as to the amount awarded against appellant and a failure to state a specific and reasonable sum for utilities.
In Mississippi, following the decision in King v. King, 246 Miss. 798, 152 So.2d 889, 891 (1963), a decree for separate maintenance and support is, in effect, a command to the husband to resume cohabitation with his wife or else provide for her until reconciliation. It was held in Serio v. Serio, 231 Miss. 147, 94 So.2d 799, (1957), that an allowance of separate maintenance and support vel non, and the amount to be awarded, are for the most part matters within the discretion of the chancellor. In Harrell v. Harrell, 231 So.2d 793, 796 (Miss. 1970), such discretion was reaffirmed, with this Court adding that such decisions would not be set aside unless they were "against the overwhelming weight of the evidence." This same standard was applied by this Court as to the modification of an alimony decree in DeMarco v. DeMarco, 199 Miss. 165, 24 So.2d 358 (1946). In DeMarco this Court derived a principle from an earlier case, Lee v. Lee, 182 Miss. 684, 181 So. 912 (1938): "the chancellor's decision, on the facts, modifying alimony decree will not be set aside unless it is against the overwhelming weight of the evidence." 24 So.2d at 359. The similarity between cases in which alimony was awarded following the granting of a divorce and cases in which divorce was denied, or not petitioned for, but in which the chancellor ordered the payment of separate maintenance and support, was established by this Court in Owens v. Owens, 234 Miss. 261, 106 So.2d 59 (1958). It was held in Owens, supra, that "there is little difference between a suit for separate maintenance and a suit for alimony and substantially the same principles of law apply in fixing the amount." 106 So.2d at 62. It is evident on the basis of the foregoing opinions of this Court, that the chancellor is shown great deference with regard to the matters which are the subject of this appeal. However, such deference and discretion granted the chancellor is not wholly unrestrained, and certain equitable guidelines have emerged from decisions of this Court in cases dealing with alimony and separate maintenance and support. There is a presumption in such cases, expressed by this Court in Pickering v. Pickering, 51 So.2d 740, 741 (Miss. 1951), that the chancellor has "taken into consideration all of the relevant factors affecting the question" in determining the appropriate amount of such payments. This principle was reiterated by this Court in Gardiner v. Gardiner, 230 Miss. 778, 93 So.2d 638, 641 (1957).
The jurisdiction of the chancery court to make an allowance to a wife living *1065 apart from her husband for her separate maintenance is to be exercised according to equitable principles, and the amount to be allowed in any case in which such allowance may be properly made must be determined according to the facts disclosed by the record in that particular case... .
In Brabham v. Brabham, 226 Miss. 165, 84 So.2d 147, 153 (1955), this Court enumerated several factors to be taken into consideration by the chancellor in determining the amount to be awarded a wife granted a divorce and alimony and support for the parties' children. Among them were, the health of both husband and wife, and their combined earning capacity; the reasonable needs of the wife and children; the fact that the wife has free use of the home and its furnishings; and, along with "such other facts and circumstances bearing on the subject that may be shown by the evidence," the necessary living expenses of the husband. (Emphasis added).
In Lowry v. Lowry, 229 Miss. 376, 90 So.2d 852, (1956), the husband was ordered to pay to his wife, from a monthly salary of $422.76, the sum of $200.00 a month in alimony and support. In holding such an amount to be excessive, it was stated that:
This Court has the power to affirm, reverse, or modify the decree appealed from, or it may reverse in part and affirm in part, or remand for a new hearing, and where all the facts necessary to enable it to do justice are contained in the record, it may make such order with respect to alimony or allowance as the trial court should have made.
Id. at 856.
In Aldridge v. Aldridge, 200 Miss. 874, 27 So.2d 884, 885 (1946), this Court said:
Any test of the justice of such award must include not only the benefit to the wife but the resultant burden on the husband. Once it is determined, as by our acceptance of the chancellor's finding we have done, that the amount awarded is a sufficient benefit to the wife, there remains the duty of testing the extent of the correlative burden upon the husband.
In Nichols v. Nichols, 254 So.2d 726, 727 (Miss. 1971), this Court stated that the chancellor must consider not only the reasonable needs of the wife, but also the right of the husband "to lead as normal a life as reasonably possible with a decent standard of living."
The right of a husband, denied a petition for divorce and ordered to pay separate maintenance, to lead a normal life with a reasonable standard of living was again considered by this Court in McKay v. McKay, 312 So.2d 12 (Miss. 1975). There the husband had a monthly income of $688.43, and was required to pay $429.00 per month to his wife. This Court held in McKay, supra:
After making the payments required by the Court, appellant does not have left sufficient funds to maintain a decent standard of living and is entitled to a reduction in the amount that he is required to contribute towards the support of his wife.
Id. at 14.
In the case sub judice, it is clear that the chancellor recognized that a reconciliation would provide financially for the wife and children. Clearly the division of one income into two households subtracts from the needs of each, and such may force the father to return to the home. Nonetheless, courts have recognized that they are powerless to effect a reconciliation even where the wife desires such, as is the case here. In this event, the courts of this State have held that a reasonable standard of living must be afforded the husband. The desperate plight of this financial situation was explored by the counsel at trial. Bankruptcy had been discussed. Clearly, the award to the wife leaves the appellant in an unjust situation which requires reevaluation.
Therefore, this Court affirms the granting of separate maintenance to the wife together with the award of custody to her and visitation rights in the father as per the decree. However, the amount of the *1066 award of separate maintenance needs reevaluating and this Court remands this case to the chancery court for rehearing on the issue of the amount to provide for the wife and children and maintain a reasonable amount for appellant's living expenses.
AFFIRMED IN PART  REMANDED IN PART.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.