626 So.2d 111 (1993)
Solange G. DAVIS
v.
Richard E. DAVIS.
No. 91-CA-0864.
Supreme Court of Mississippi.
October 21, 1993.
*112 Joseph R. Meadows, Meadows Riley Koenenn & Teel, Gulfport, for appellant.
J. Allen Sadler, Sadler Ranson & Bordis, Ocean Springs, for appellee.
Before HAWKINS, C.J., and McRAE and JAMES L. ROBERTS, Jr., JJ.
JAMES L. ROBERTS, Jr., Justice, for the Court:
This appeal seeks reversal of the chancellor's alimony award in a divorce severing a 28-year marriage relationship. Finding no abuse of discretion by the chancellor in making the award, we affirm.
Solange G. Davis (Solange) and Richard E. Davis (Richard) were married in Casablanca, Morocco, in March 1961. Richard was then and for twenty-one (21) subsequent years a career military non-commissioned officer, holding the rank of Master Sergeant on the date of his retirement. The parties lived in Morocco, Nebraska, California, Iowa, Alaska, and finally, Keesler Air Force Base in Biloxi where Richard was stationed until he retired.
Solange was awarded a divorce on the ground of habitual cruel and inhuman treatment. She appeals challenging only the sufficiency of the monetary awards made by the chancellor.
The final judgment rendered by the learned chancellor provides, inter alia, for periodic alimony to be paid Solange in "an amount equal to one-half of the monthly military retirement entitlement of the defendant until such time as the plaintiff shall remarry, die, or upon further order of the court." Solange assigns as error the action of the chancellor in "awarding appellant one-half of appellee's military retirement by way of periodic alimony until such time as she dies, remarries, or further order of the court." She contends she was entitled to one-half of the retirement entitlement without restriction. We disagree.
The wording of the chancellor's judgment is important. First, the judgment provides Solange periodic alimony. Second, it provides the initial award is "equal to" one-half of the amount received by Richard from his military retirement. The court did not assign Solange one-half of her husband's military retirement. If the court had awarded Solange one-half of the entitlement as authorized by the Uniformed Services Former Spouses Protection Act, 10 U.S.C. § 1408, such award could, unless specifically defined, be construed as part of the parties' property settlement, not subject to modification. The chancellor avoided this consequence and left an important open avenue for modification in the event conditions change necessitating reconsideration of the award.
Solange contends that she is entitled to one-half of Richard's retirement as part of a fair and equitable division of the parties' *113 property. Our case law does not support the assertion. Mississippi is not a community property state, and the chancellor was under no obligation to equally divide the property of the parties. Colvin v. Colvin, 487 So.2d 840, 841 (Miss. 1986); Rives v. Rives, 416 So.2d 653, 657 (Miss. 1982).
Included in the chancellor's award was the requirement that Richard insure that Solange be maintained as a beneficiary and survivor to his military retirement under the Survivor Benefit Plan for the Uniformed Services. Prior to the 1986 amendment to Title 10, U.S.C.A., § 1450(f)(3), the state court's authority to make this requirement absent voluntary agreement of the military personnel covered by the plan was questionable. See Powers v. Powers, 465 So.2d 1036, 1037 (Miss. 1985). The 1986 amendment deleted necessity of a "voluntary written agreement" and inserted the following language in § 1450(f)(4): "A court order may require a person to elect (or to enter into an agreement to elect) under section 1448(b) of this title to provide an annuity to a former spouse... ."
The importance of this inclusion in the chancellor's award is amplified by the provisions of Title 10, U.S.C.A. § 1408(d)(4) which provides that payment of military retired pay in compliance with court orders terminates upon the death of the service member. See The Uniform Services Former Spouses Protection Act by Cardos, Perry and Sinnott, 33 Federal Bar News 33, 34 (1986).
There is no merit in this assignment.
Solange's remaining appellate issues focus on the chancellor's action in (a) limiting payment of supplemental periodic alimony to four years; (b) failing to award her one-half of the parties' savings accounts; and (c) failing to require Richard to pay for all or at least one-half of all repairs on the homestead, possessed by her pursuant to the chancellor's award.
Our scope of review of an alimony award is well-settled. Such awards are within the discretion of the chancellor and will not be reversed on appeal unless the chancellor was manifestly in error in his finding of fact and manifestly abused his discretion. Powers v. Powers, 568 So.2d 255, 257 (Miss. 1990); Carpenter v. Carpenter, 519 So.2d 891, 894-95 (Miss. 1988); Massey v. Massey, 475 So.2d 802, 803 (Miss. 1985); Hopton v. Hopton, 342 So.2d 1298, 1300 (Miss. 1977).
The record shows the chancellor diligently adhered to and applied approved factors in arriving at his decision. See Hammonds v. Hammonds, 597 So.2d 653, 655 (Miss. 1992). See also Powers, 568 So.2d at 259; Carpenter, 519 So.2d at 894; Tutor v. Tutor, 494 So.2d 362, 364 (Miss. 1986); McKay v. McKay, 312 So.2d 12, 14 (Miss. 1975); Nichols v. Nichols, 254 So.2d 726, 727 (Miss. 1971); Brabham v. Brabham, 226 Miss. 165, 176, 84 So.2d 147, 153 (1955).
After careful examination of the record, we are unable to say the chancellor manifestly abused his discretion on the sufficiency of the awards.
AFFIRMED.
HAWKINS, C.J., DAN M. LEE, P.J., and PITTMAN, BANKS, McRAE and SMITH, JJ., concur.
PRATHER, P.J., concurs with separate written opinion joined by SULLIVAN and PITTMAN, JJ.
PRATHER, Presiding Justice, concurring:
As an equitable result was achieved in this case via the learned chancellor's order, I concur with the majority's affirmance. I write separately only to express my disagreement with the majority's pronouncement that Mississippi case law does not support Solange's contention that she is entitled to one-half of Richard's retirement as part of an equitable division of the parties' property. While Mississippi is not a community property state and the chancellor is under no obligation to equally divide the parties' property, he may divide the parties' property equally when such a result is warranted by the particular facts and circumstances of a given case. On the particular facts and circumstances of the case sub judice, the periodic and supplemental alimony awarded Solange, in conjunction with the military retirement survivor benefits and settlement of the parties' financial obligations, is equitable. Although *114 the chancellor may allocate military retirement benefits when the equities so suggest, such an allocation is not warranted here.
SULLIVAN and PITTMAN, JJ., join this opinion.