**Eugene E. POWELL, Plaintiff,**

v.

**Joyce Marie POWELL, et al., Defendants.**

**Civ. A. No. 94–110–VAL (WDO).**

United States District Court,
M.D. Georgia,
Valdosta Division.

Feb. 17, 1995.

of Appeals and may make substantive changes upon motion by a party.

Sandra J. Popson, Macon, GA, for plaintiff.

Eugene E. Powell, pro se.

W. Edward Meeks, Jr., Ocilla, GA, for defendants.

## ORDER

OWENS, Chief Judge.

Before the court is defendant Secretary's motion to dismiss, based upon three theories: jurisdictional abstention, dismissal for lack of subject matter jurisdiction on the basis that no federal question is presented, or failure to state a claim. After careful consideration of the arguments of counsel, the relevant caselaw, and the record as a whole, the court issues the following order.

## I. BACKGROUND FACTS

Plaintiff, Eugene Powell, retired from the Navy on February 8, 1975 after more than twenty years of active and faithful service. Plaintiff thus became entitled to retirement pay under 10 U.S.C. § 6323 (1959 & Supp. 1994), and to participate in the Survivor Benefit Plan ("SBP"), 10 U.S.C. § 1447–1455 (1983 & Supp.1994), which provides an annuity to an eligible individual designated by the retiree under the Plan's provisions. For more than 19 years of his continued service in the Navy, plaintiff was married to defendant Marie Powell. Plaintiff and Marie Powell were divorced on August 30, 1993.

Throughout plaintiff's Navy career, federal law preempted state law in the area of military pensions. Specifically, state courts were precluded from considering a military pensioner's service-related retirement benefits as "property" subject to division in a domestic relations proceeding. *See McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981) (reversing California state court's divorce decree applying community property principles to military retirement pay). Moreover, a military pensioner could not be forced by state court order to

designate a former spouse as the beneficiary under the SBP. *See* 10 U.S.C.A. § 1450(f)(3) (1983) ("Nothing in this chapter authorizes any court to order any person to elect . . . to provide an annuity to a former spouse. . . ."); *Powers v. Powers,* 465 So.2d 1036, 1037 (Miss.1985). This was the state of the law when plaintiff retired from the Navy.

However, in 1982, Congress legislatively reversed *McCarty* by passing the Uniformed Services Former Spouses' Protection Act ("FSPA"), Pub.L. No. 97–252, 96 Stat. 730 (codified as amended in scattered sections of 10 U.S.C.). One specific change wrought by the FSPA was to allow courts to treat military retirement pay "either as property solely of the [retiree] or as property of the [retiree] and his spouse in accordance with the law of the jurisdiction of such court." 10 U.S.C.A. § 1408(c)(1) (1983 & Supp.1994). Thus the Superior Court of Dodge County, Georgia considered plaintiff's military retirement plan in deciding the amount of alimony to be awarded. And in its divorce decree, the Superior Court awarded defendant $480 per month of plaintiff's naval retirement plan.

The statutory provision prohibiting forced elections under the SBP was similarly eliminated when Congress, in 1986, amended 10 U.S.C. § 1450: "A court order may require a person to elect (or to enter into an agreement to elect) . . . to provide an annuity to a former spouse. . . ." 10 U.S.C.A. § 1450(f)(4) (Supp.1994). Section 1450(f)(3), *see supra,* no longer preempted state law, and state caselaw such as *Powers* no longer had any force. Therefore the Superior Court of Dodge County ordered plaintiff to "sign any and all documents as required" to ensure that defendant received survivor's benefits under the SBP.

## II. DISCUSSION

Plaintiff's contentions to this court raise issues of first impression within the Eleventh Circuit. The complaint specifies in Count I that application of the FSPA and SBP causes "an unconstitutional taking of a substantial specific property interest of the plaintiff as proscribed by the Fifth Amendment to the United States Constitution." Plaintiff additionally labels these statutes as violative of the *ex post facto* prohibition contained in Article I, Sections 9 and 10 of the Constitution.

Plaintiff's second count is puzzling. Paragraph one of the state divorce decree describes defendant's interest in plaintiff's retirement pay as alienable, and paragraph 8 similarly describes defendant's interest in the SBP as devisable. However, § 1408(c)(2) says that the FSPA creates no right which may be assigned, sold, or transferred (including by way of inheritance). Plaintiff declares the divorce decree invalid because it purportedly gives defendant a greater interest (in both retirement pay and the SBP) than is possible. Also included in Count Two's attack is plaintiff's allegation that the divorce decree fails to comply with the Internal Revenue Code's requirements for a Qualified Domestic Relations Order ("QDRO"), 26 U.S.C.A. § 414(p) (Supp.1994). On account of the alleged violations of § 414(p) and § 1408(c)(2), plaintiff seeks a judgment from this court that those portions of the divorce decree awarding defendant a part of plaintiff's retirement pay and forcing an election under the SBP be excised and declared invalid.

Pursuant to Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 12(c), the court elects to treat defendant's motion as one for summary judgment under Fed.R.Civ.P. 56. A district court properly awards summary judgment when "there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Irby v. Bittick,* 44 F.3d 949 (11th Cir.1995) (citing Fed.R.Civ.P. 56(c)).

### A. Fifth Amendment "Taking" Claim

Plaintiff complains that the FSPA and SBP caused a "taking" of his property interest within the meaning of the Fifth Amendment to the United States Constitution. The Fifth Amendment prohibits the taking of private property for public use without just compensation. Although the Supreme Court has determined that the best method for approaching "taking" claims is to rely on "*ad hoc,* factual inquiries into the circumstances of each particular case," there

are three important factors to which courts should refer: "(1) the economic impact of the [statute] on the claimant; (2) the extent to which the [statute] has interfered with distinct [and reasonable] investment-backed expectations; and (3) the character of the government action." *Connolly v. Pension Benefit Guar. Corp.*, 475 U.S. 211, 224–25, 106 S.Ct. 1018, 1025, 89 L.Ed.2d 166 (1986).

Although not binding as precedent in this circuit, *Fern v. United States*, 908 F.2d 955 (Fed.Cir.1990), addressed precisely this issue. The court in *Fern* framed the issue before it as follows:

> Is the United States required to pay just compensation under the Fifth Amendment to the extent of the economic effect on a retiree personally, resulting from a state court divorce decree following the withdrawal of federal preemption of state community property laws respecting military retired pay?

*Fern*, 908 F.2d at 957. And Section 1408(c)(1) was the allegedly offensive statute. After stating the aforementioned rules, the court found it necessary to "analyze [plaintiff's] asserted 'property.'" The property interest asserted by plaintiff was his right to "retirement pay." The court more clearly defined the nature of that property interest by reference to the person against whom the right was asserted: the property right *vis-a-vis* the government and *vis-a-vis* his former spouse. Plaintiff's right to "retirement pay" *vis-a-vis* the government remained untouched after passage and application of the FSPA. Plaintiff, even after the FSPA, remained entitled to his retirement pay. It was the application of state law, per the divorce proceeding, that separated plaintiff and his property. The Court of Appeals for the Federal Circuit accordingly found that "the FSPA has no economic impact on [plaintiff's] rights to military pay vis-a-vis the United States and is at best an indirect cause of the reduction in the amount of retired pay he may keep for himself under his divorce decree." *Fern*, 908 F.2d at 959. The Fifth

Amendment takings claim was appropriately dismissed by the district court.

Accordingly, this court finds that neither the FSPA nor the SBP effected an unconstitutional taking within the meaning of the Fifth Amendment. All claims by plaintiff so charging are **DISMISSED**.

### B. *Retroactivity*

Although the Court of Appeals for the Federal Circuit in *Fern* did not explicitly address the issue, the district court did hear, and dismiss, plaintiffs' contentions that the FSPA was unconstitutional as an *ex post facto* law in violation of Sections 9 and 10 of Article I of the Constitution. In *Fern v. United States*, 15 Cl.Ct. 580, 586–93 (1988), *aff'd*, 908 F.2d 955 (Fed.Cir.1990), the United States Claims Court, after a thorough discussion and analysis, rejected arguments that the FSPA offended the Constitution's *ex post facto* prohibition. Specifically, the court found that this retroactive civil legislation, not expressly prohibited under the Constitution, was consistent with the constitutional constraints of due process since it was not harsh and oppressive. *See Welch v. Henry*, 305 U.S. 134, 59 S.Ct. 121, 83 L.Ed. 87 (1938).

The retroactivity discussion was beside the point, however, since it was not the FSPA which effected reapportionment of plaintiffs' retirement pay, but rather state court divorce decrees. Indeed, the Federal Circuit seemingly affirmed the Claims Court's determination on the retroactivity issue by agreeing that "the United States [was not] the actor with respect to the retroactive application of state law.... [The] FSPA itself had no direct effect, retroactive or otherwise, on division of the payments. This decision was left entirely up to each state." *Fern*, 908 F.2d at 959.

■ This court agrees with *Fern*, and finds that it was the state court, not the FSPA and SBP, that was the actor here. Even if that is not the case, the FSPA and SBP are not unconstitutional.[1] Accordingly,

---

1. Plaintiff claims that the effective date of the FSPA chosen by Congress, June 25, 1981, is unconstitutional since it creates two classes of retirees: those divorced before, and those divorced after, the triggering date. Plaintiff claims that he was "entitled" to his pay when Congress passed the FSPA.

all of plaintiff's claims asserting such a theory are hereby **DISMISSED.**

### C. *Qualified Domestic Relations Order*

■ Lastly, the court must consider plaintiff's allegation that either noncompliance with the requirements of 26 U.S.C.A. § 414(p) or transgression of the bounds of 10 U.S.C.A. § 1408(c)(2) authorizes this court to declare the state court's divorce decree invalid, or at the least to excise the portion offensive to federal law. This the court can not, and will not, do. Section 414(p) is simply a definitional section, and creates no enforceable rights in plaintiff. Moreover, a divorce decree's noncompliance with section 414(p) does not create a cause of action. A divorce decree's status as a "QDRO" simply gives it special meaning within several other Internal Revenue Code sections, but that is all—persons affected by a divorce decree do not have an enforceable right under federal law to have it reformed as a QDRO. Similarly, plaintiff cannot complain about the fact that the divorce decree purports to assign defendant greater rights in his retirement pay than exist.

Regardless of this, the parties have agreed that plaintiff's second count should be dismissed. All of plaintiff's claims dealing with noncompliance with sections 414(p) and 1408(c)(2) are accordingly **DISMISSED.**

### D. *Res Judicata*

■ Even assuming that the court is incorrect on each of the foregoing, principles of res judicata prevent consideration of plaintiff's complaint. Plaintiff could have raised the arguments for unconstitutionality (per either retroactivity or takings clauses) and for nonconformity with 26 U.S.C. § 414(p) and 10 U.S.C.A. § 1408(c)(2) in the Dodge County Superior Court. Indeed, he could have then appealed within the state judicial system.

*Hicks v. Secretary of the Air Force,* 594 F.Supp. 690, 692 (D.Me.1984), is directly on point with this case. In that case, the plaintiff "had ample opportunity to challenge the constitutionality of 10 U.S.C. § 1408, which had been the basis for affirmance of the divorce order, in either the Supreme Court of California or at the show cause hearing." As such, he was "bound by the decisions of those courts." Plaintiff in the instant case could similarly have challenged his divorce decree in the Dodge County Superior Court, or could have appealed to the Georgia Court of Appeals.

### III. CONCLUSION

Plaintiff's constitutional challenge, whether premised upon the notion that the FSPA and

In *Fern v. United States,* 15 Cl.Ct. 580 (1988), *aff'd,* 908 F.2d 955 (Fed.Cir.1990), several plaintiffs made similar challenges. The plaintiffs in that case represented every possible "class" of military retirees imaginable. The Claims Court described the various plaintiffs as follows:

Plaintiff John T. Flannagan enlisted in the Navy in 1959, served a total of 20 years, and retired in November 1979 with the Rank of Lieutenant Commander. * * * Plaintiff Robert Louis Stirm enlisted in the Air Force in 1953, served a total of 24 years, and retired in June 1977 with the rank of Colonel. * * * Plaintiff James H. Powell enlisted in the Army Air Corps in 1940, served a total of 20 years, and retired in 1960 with the rank of Lieutenant Colonel.

*Fern,* 15 Cl.Ct. at 582. Although the *Fern* plaintiffs were further classified according to the nature of their respective divorce decrees, such distinctions are immaterial in light of plaintiff's arguments in this case. Plaintiff in this case bases his unconstitutionality argument on the theory that he was "entitled" to his retirement pay at the time *McCarty* was decided and when

Congress passed the FSPA. Flannagan, Stirm, and Powell, as plaintiffs in *Fern,* maintained essentially the same position:

[The *Fern* plaintiffs stated] that throughout their years of military service they believed the Government had made them an offer of military retired pay in exchange for serving 20 or more years and that each of them accepted that offer by continuing to serve in the military. Plaintiffs further state that throughout their years of military service they also believed that their retired pay was the *personal entitlement* of each of them. * * * Plaintiffs further declare that as the dates of each retirement drew near, each expected that his military retired pay would be his property alone, a factor of special significance to each of them.

*Id.* (emphasis supplied). *Compare* Plaintiff's Amended Complaint, at ¶¶ 11–13, 23–24. The *Fern* plaintiffs are conceptually indistinct from plaintiff in the case *sub judice.* All of the *Fern* plaintiffs' claims, identical to those presently advanced by plaintiff in this case, were dismissed upon the Claims Court's finding that the FSPA was constitutional. *Id.* at 586, 592–93.

SBP effected takings in violation of the Fifth Amendment, or upon the charge that they were invalid as retroactive civil legislation, must fail. Both the FSPA and the SBP are constitutional. And as to the QDRO claim, section 414(p) of the Internal Revenue Code creates no enforceable federal cause of action. In addition to these rulings, the court finds that plaintiff's challenges are improperly put before this court, since the appropriate forum for raising them was in the state court handling the divorce petition. Accordingly,

**SUMMARY JUDGMENT IS GRANTED TO DEFENDANTS** on all of plaintiff's claims.[2]

**SO ORDERED.**

2. The court also directs the parties to *Goad v. United States*, 661 F.Supp. 1073, 1078–79 (S.D.Tex.), *aff'd in part and vacated in part*, 837 F.2d 1096 (Fed.Cir.1987) (table), *cert. denied*, 485 U.S. 906, 108 S.Ct. 1079, 99 L.Ed.2d 238 (1988). The Court of Appeals for the Federal Circuit affirmed the district court's dismissal of plaintiff's constitutional challenge to the FSPA for lack of jurisdiction, and its refusal to transfer the action to the United States Claims Court. That portion of the district court's opinion finding the FSPA constitutional, although vacated by the Federal Circuit, is persuasive to this court.