539 So.2d 127 (1989)
Calhoun Clay COLLINS, BY Martha SMITH, Conservator; Carlton Torrey Collins and John Terrey Collins, Individually and by Martha Smith, Trustee; and by Martha Smith, Individually
v.
Jerry L. McMURRY, et al.
No. 58209.
Supreme Court of Mississippi.
February 1, 1989.
Marvin Oates, Bay Springs, for appellant.
P.E. Stevens, Leonard B. Melvin, Jr., Melvin & Melvin, Richard L. Yoder, Gilchrist, Sumrall, Thaxton & Yoder, Laurel, E. Gregory Snowden, Bourdeaux & Jones, Meridian, Denton Gibbes, Gibbes, Graves, Mullins, Bullock & Ferris, Laurel, for appellees.
Before DAN M. LEE, P.J., and PRATHER and PITTMAN, JJ.
PRATHER, Justice, for the Court:
The central issue of this appeal addresses the effect of dictum contained in a former opinion of this Court upon the result reached in the instant appeal.
Plaintiffs below brought this action in the Chancery Court of the Second Judicial District of Jones County to quiet and confirm what they considered to be their remainder interest in a 400 acre tract of land and to cancel as clouds on their title the various claims of fee simple ownership asserted by the defendants below. From a *128 decision by the chancellor favoring the defendants, the plaintiffs now perfect this appeal and assign as error the following:
(1) The trial court erred in disregarding:
(a) the oral and written evidence submitted for and on behalf of the appellants regarding the facts and circumstances surrounding the testator and his relation to the parties in interest at the time of making his will, the facts and circumstances under which the will was made, the intent and purpose of the testator in making devises of his property, and the fact that the scrivener of the will was a layman and not a lawyer, and
(b) the testimony of the two attorney-adverse witnesses and the appellants' expert witness with respect to construing the testator's will.
(2) The trial court erred in disregarding the opinion of the Supreme Court of Mississippi in construing the testator's will in the case of Gardner v. Pan-American Petroleum Corp., 243 So.2d 399 (Miss. 1971), and relying instead on the testimony of the appellees' expert witnesses, legal treatises and case law to reconstrue the will.
(3) The trial court erred in refusing to allow into evidence the answers and responses of the appellees to the appellants' second and third requests for admission marked for identification as exhibits 7 and 8.

I.
The source of dispute in this case is the interpretation which is to be given to a certain clause in the last will and testament of William Torrey Smith, namely the devise going to his daughter Rosalind Smith Collins. The appellants in this case are Rosalind Smith Collins' three children, Carlton Torrey Collins, John Terrey Collins and Calhoun Clay Collins.[1]
The will in question was admitted to probate following the testator's death in 1951, and devised to Rosalind Smith the following described land to-wit:
The North Half (N 1/2) of Section thirty-one (31) Township Ten (10) N, Range Eleven (11) W, (320 acres).
and the North Half (N 1/2) of North Half (N 1/2) of South Half (S 1/2) of Section thirty-one (31), Township Ten (10) N, Range Eleven (11) W, (80 acres).
Rosalind Smith later married Carlos Collins and gave birth to three children, the appellants in this case. Rosalind and Carlos mortgaged the real property in dispute here to the Hattiesburg Production Credit Association (HPCA), but later defaulted on their loan, resulting in an equitable foreclosure in the Jones County Chancery Court. The appellants claim that the HPCA, the purchaser at the foreclosure sale, acquired only a life estate interest in the land. Some four years later the land was sold by the HPCA to appellees, J.C. and Helen Grace Sharp, the brother-in-law and sister of HPCA employee John L. Bullock, also one of the appellees.
The Sharps then sold 160 acres in the land to John L. Bullock and his wife Alice Ruth Bullock. The Bullocks then sold the land they purchased to the appellees Jerry L. McMurry, Paul H. McMurry, Bobby Dickins and John H. Rayborn, first selling 80 acres, and later the remaining 80 acres to which they claimed ownership. It was then that an attempt was made by some of the appellees to develop the land they had purchased into a residential subdivision.
The appellants then filed suit in chancery court to protect their alleged remainder interests against the appellees' assertion of fee simple ownership of the property. Named as defendants in the chancery suit were the following:
Jerry L. McMurry; Paul H. McMurry; Bobby Dickens; John H. Rayborn; John L. Bullock and wife, Alice Ruth Bullock; Harry F. Beacham, Trustee for The Federal Land Bank of New Orleans; P.E. Stevens, Trustee for John L. Bullock and Alice Ruth Bullock; Thomas T. Buchanan, Trustee for Southeastern Savings And Loan Association of Laurel; Scotch Plywood Company, *129 d/b/a Old Line Land & Timber Co.; Jerry McMurry, Attorney in Fact for Paul H. McMurry, Bobby Dickens, and John H. Rayborn; Southeastern Savings And Loan Association of Laurel; Tommy L. Cotten and wife, Donna B. Cotten; James E. Bush and wife, Sharon K. Bush; Richard L. Yoder, Trustee for The Commercial National Bank And Trust Company of Laurel; William R. Shedd and wife, Carolyn L. Shedd; M.B. Weems, Trustee for Merchants And Manufacturers Bank; J.C. Sharp and wife, Helen Grace Sharp.
The appellees filed a motion at the chancellor's suggestion, requesting a bifurcated trial on the issue of the will's construction. This motion was granted. The lower court held on the issue in question concerning the will's construction that the testator had devised a fee simple defeasible title to his daughter Rosalind. The appellants then perfected their appeal to this Court.

II.

DID THE TRIAL COURT ERR IN DISREGARDING THE ORAL AND WRITTEN EVIDENCE SUBMITTED FOR AND ON BEHALF OF THE APPELLANTS REGARDING THE FACTS AND CIRCUMSTANCES SURROUNDING THE TESTATOR IN HIS RELATION TO THE PARTIES IN INTEREST AT THE TIME OF THE MAKING OF HIS WILL, THE FACTS AND CIRCUMSTANCES UNDER WHICH THE WILL WAS MADE, THE INTENT AND PURPOSE OF THE TESTATOR IN MAKING DEVISES OF HIS PROPERTY, THE FACT THAT THE SCRIVENER OF THE WILL WAS A LAYMAN, NOT A LAWYER AND IN DISREGARDING THE TESTIMONY OF THE TWO ATTORNEY  ADVERSE WITNESSES AND THE APPELLANTS' EXPERT WITNESS WITH RESPECT TO CONSTRUING THE TESTATOR'S WILL?
Under this first assignment of error, the appellant alleges that the chancellor failed to properly consider various testimony presented on the appellants' behalf by lay witnesses. An examination of the record in this case leads this Court to conclude that there is no merit to this claim.
The standard of review used by this Court when examining findings of fact as made by the chancellor has been stated many times. In Richardson v. Riley, 355 So.2d 667 (Miss. 1978), it was stated thusly:
The principle of law with which we are concerned has been repeated by this Court many times. It is that where the chancellor was the trier of facts, his findings of fact on conflicting evidence cannot be disturbed by this Court on appeal unless we can say with reasonable certainty that these findings were manifestly wrong and against the overwhelming weight of the evidence. Even if this Court disagreed with the lower court on the finding of fact and might have arrived at a different conclusion, we are still bound by the chancellor's findings unless manifestly wrong, as stated above.
Id. at 668. See also Matter of Estate of Varvaris, 528 So.2d 800, 802-803 (Miss. 1988). (Involving the interpretation of a will).
More specifically, this Court has also addressed the proper scope of review for judging the credibility of witnesses. In Pellegrin v. Pellegrin, 478 So.2d 306 (Miss. 1985) the Court wrote:
The credibility of the witnesses and the weight of their testimony, as well as the interpretation of evidence where it is capable of more than one reasonable interpretation, are primarily for the chancellor as the trier of facts. The issue here was a factual one and the chancellor's decision will not be disturbed since it was not manifestly wrong.
Id. at 308. See also Johnson v. Brewer, 427 So.2d 118, 126-127 (Miss. 1983); McKay v. McKay, 312 So.2d 12, 13-14 (Miss. 1975).
These cases make clear that this Court is to give great deference to the decisions of the chancellor concerning findings of fact and especially to the credibility of witnesses. Therefore, it has generally been held by this Court that unless we are of the firm *130 opinion that the chancellor's decision was incorrect or "manifestly in error," the decision of the chancery court will not be overturned.
After examining the facts in this case, this Court cannot say that the chancellor's decision was in error. The record shows that the chancellor listened attentively to all testimony presented by the appellant. It is important to remember, however, that the testator drew up this will in 1950, and died in 1951. Thus, at the time of this hearing, all the witnesses were testifying to events that had happened approximately 35 years previously.
Martha Smith also testified. At the time the testator made his will out however, she was only 8 or 9 years old. The chancellor also appeared to be aware of the fact that the person who drew up the will was a layman, instead of a lawyer. As to the attorney-witnesses who testified regarding the effect, interpretation and meaning of various terms of the testator's will, a review of the record reveals once again that the chancellor listened attentively to all evidence as presented by the witnesses.
A close examination of this record simply indicates that there is no merit to the appellants' claim. The chancellor appears to have listened carefully to all testimony as presented by the appellants, and treated each witness fairly. There is nothing in the record to substantiate the appellants' claim and for that reason, this Court holds that the assignment of error should fail.

III.

DID THE TRIAL COURT ERR IN DISREGARDING THE PRIOR OPINION OF THE SUPREME COURT OF MISSISSIPPI IN CONSTRUING THE TESTATOR'S WILL IN THE CASE OF GARDNER V. PAN-AMERICAN PETROLEUM CORP., 243 SO.2D 399 (MISS. 1971), AND RELYING INSTEAD ON THE TESTIMONY OF THE APPELLEES' EXPERT WITNESS, LEGAL TREATISES AND CASE LAW TO CONSTRUE THE WILL?
The appellants allege that William Torrey Smith's will has already been interpreted by this Court in the case of Gardner v. Pan-American Petroleum Corp., 243 So.2d 399 (Miss. 1971), and because of that fact, the chancellor was in error in holding that a life estate was not created in favor of Rosalind Collins. This Court disagrees with the appellants' claim.
In Gardner, supra, the testator's oldest daughter, Thelma Smith Gardner, and others, filed a claim against Elizabeth Smith, the testator's wife, Rosalind Smith Collins, the testator's younger daughter, the Pan American Petroleum Corp., and Louisiana Land & Exploration Co. The main issue in Gardner was the interpretation of William Torrey Smith's will and "whether it devised to Thelma Smith Gardner a mineral or nonparticipating royalty interest in certain land." Gardner at 400. The case involved rights under the land, not the surface estate, as in the case sub judice.
In Gardner, the Court examined the devise to the testator's wife and two daughters, and concluded the following:
In short, each of the three beneficiaries in this will was devised a life estate in the several parcels, with certain stated powers. Gardner at 401.
The appellants now contend that this statement by the Supreme Court made in 1971 is binding on this Court and should have been binding on the chancery court. The appellees, on the other hand, contend that this statement was more properly classified as dictum, and therefore is not binding on this Court. The appellants concede that the language used in the Gardner case is dictum, but nonetheless adhere to the position that the language is binding on this Court.
To the contrary, this Court has held on more than one occasion that a statement which qualifies as dictum does not have a binding effect. Simpson v. Poindexter, 241 Miss. 854, 862, 134 So.2d 445, 446 (1961); Stark v. Stark, 244 So.2d 13, 16 (Miss. 1971); Smith v. Mississippi Employment Security Commission, 344 So.2d 137, 139 (Miss. 1977). This position has also been followed in other jurisdictions. See generally Wixom Brothers Co. v. Truck *131 Ins. Exchange, 435 So.2d 1231 (Ala. 1983); U.S.A. Oil Corp. v. City of Lipscomb, 293 Ala. 103, 300 So.2d 362 (1974); Valeriano v. Bronson, 209 Conn. 75, 546 A.2d 1380 (1988); Atlas Properties, Inc. v. Didich, 226 So.2d 684 (Fla. 1969); South Central Bell v. Utility Regulatory Commission, 637 S.W.2d 649 (Ky. 1982); Matter of University of North Carolina, 300 N.C. 563, 268 S.E.2d 472 (1980).
Having addressed the issue of the binding effect of dictum, it is now necessary to examine the chancellor's findings concerning the will itself, keeping in mind this Court's limited scope of review. In section II of William Torrey Smith's will, he bequeaths approximately 190 acres to his wife Elizabeth Smith "to have and to hold for her life, and at her death the same shall go to my beloved daughter, Rosalind Smith." In section IV of the will he devises to Thelma Grace Smith Lowe Gardner, his oldest daughter, approximately 40 acres "to have and to hold for her life, and at her death the same shall go to the heirs of her body." The devise to his youngest daughter, Rosalind, appears in section III of the will. Nowhere in this section does he specifically state that the devise to her is for life.
This Court has held that when interpreting a will, the plain, expressed intention of the testator should be followed whenever possible:
The intention of the testatrix is to be ascertained from the whole will and from a consideration of all the provisions of the instrument taken together, and, if the language of the will is clear, definite, and unambiguous, the court must give to the language its clear import.
Seal v. Seal, 312 So.2d 19, 21 (Miss. 1975). See also Stovall v. Stovall, 360 So.2d 679, 681 (Miss. 1978); In Re Estate of Granberry, 310 So.2d 708, 711 (Miss. 1975).
This Court recently stated the rule in the following manner:
If the will is unambiguous and the intent of the testator can be discerned from the face of the document, the admission of such evidence [parol evidence] is improper. Ross v. Brasell, 511 So.2d 492, 494 (Miss. 1987).
In the case before us, the testator specifically bequeathed life estates to his wife and his oldest daughter by the plain language evident from the face of the will. There was no such specific devise to his daughter Rosalind, thereby arguably revealing a clear intention to not make the devise to her a life estate. Therefore, it is entirely arguable that there was no real need for extrinsic testimony from the witnesses in this case. In any event, the intent of the testator appears to have been quite evident from the face of the will.
The chancellor listed several specific reasons in his opinion why he had found no life estate in favor of Rosalind Smith Collins. An independent study of case law and the reasons listed by the chancellor in the opinion leads this Court to conclude that the 1971 opinion on this point lacks the form of an adjudication. It is admitted to be dicta by all parties; therefore, it has no precedential value and does not guide our decision sub judice. This Court holds that the chancellor's decision was correct, and should not be reversed by this Court and that this assignment of error is without merit.

IV.

DID THE TRIAL COURT ERR IN REFUSING TO ALLOW INTO EVIDENCE THE ANSWERS AND RESPONSES OF THE APPELLEES TO THE APPELLANTS' SECOND AND THIRD REQUESTS FOR ADMISSION MARKED FOR IDENTIFICATION AS EXHIBITS NOS. 7 AND 8?
In the chancery court's order granting bifurcated trial and related relief, the chancellor held the following:
That any discovery prior and pertaining to the first stage hearing will be commenced by June 13, 1986 and all answers to interrogatories, depositions and other responses to discovery will be completed and served no later than July 21, 1986.
*132 The appellees maintain that the appellants' request for admission are barred from being introduced into evidence because the appellants did not serve them on the appellees until June 19, 1986. The chancellor agreed, and refused to allow their introduction into evidence. The appellants maintain it was error for him to do so.
Rule 36 of the Mississippi Rules of Civil Procedure governs requests for admission. It reads in pertinent part as follows:
(a) Request for Admission ... The request may, without leave of court, be served upon the plaintiff after commencement of the action and upon any other party with or after service of the summons upon that party ... The matter is admitted unless, within thirty (30) days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or his attorney, but, unless the court shortens the time, a defendant shall not be required to serve answers or objections before the expiration of forty-five (45) days after service of the summons upon him.
Rule 36 does not state that the party serving the request for admission must do so within a certain period of time. The court may shorten the amount of time allowed for the response to the request, but there is no mention of exactly when the initial request must be made.
Some commentators have written that the party making the request for admission must do so thirty days before the discovery cutoff date. Haydock, Herr, & Stempel, Fundamentals of Pretrial Litigation, Appendix B, p. 677 (1985). In the case before us now this would mean the appellants should have been required to initiate discovery in the form of requests for admission by June 21st since that would have been thirty (30) days before the July 21st deadline. Since the requests for admission were made on June 19th, they met this deadline.
However, in the overall context of this case, this Court holds that, if any error was committed, it was harmless error on the chancellor's part in view of the largely duplicitous nature of the admissions requested.

V.
For the foregoing reasons, it is the opinion of this Court that the decision of the chancery court should be affirmed.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN LEE, P.JJ., and ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and ZUCCARO, JJ., concur.
NOTES
[1] Calhoun Clay Collins is a minor who sued by the conservator of his estate, Martha Smith, after being authorized to file suit by court judgment. Carlton Torrey Collins and John Terrey Collins are both adults but sue by their trustee, Martha Smith.