PRATHER, Justice,
dissenting:
With respect to the majority opinion, I would give deference to the chancellor’s finding of fact that the cross-complainant, Jimmie L. Goodson, acquired a prescriptive easement under a claim of right in the year 1970, based upon Goodson and his predecessors’ use of the roadway from 1930 to 1970 as a means of ingress and egress from the public highway to Goodson’s property.
The entire finding made by the chancellor is as follows:
(1) Plaintiff [Jordan] is the record owner of Lot 5 of the survey of the J. Monroe Gilbert property. Defendant [Good-son] is the record owner and in possession of Lot 4 of the survey of the J. Monroe Gilbert property. Said lots are located in Jefferson County, Mississippi. Plaintiff and Defendant have a common predecessor in title. Plaintiff’s property abuts a public highway, Plaintiff’s property and Defendant’s property adjoin each other, and Plaintiff’s property is between Defendant’s property and a public roadway or highway. A roadway across the Plaintiff’s property is and has been used as a means of ingress and egress from the public "highway to Defendant’s property.
(2) The original roadway used by Defendant and his predeceassors [sic] in title across property of Plaintiff was from about 1930 to 1970 through the middle of said Lot 5, but since about 1970 to the present the roadway used by the Defendant was a strip of land approximately 14 feet in width running from Defendant’s property to the public roadway along and South of the line between Lot 5 of Plaintiff and Lot 2 of the said survey of J. Monroe Gilbert property, which said Lot 2 is owned by a party not involved in this litigation.
(3) The Court finds from clear and convincing evidence that the Cross-Complainant, Jimmie L. Goodson, has acquired a permanent prescriptive easement under a claim of right for the use of said roadway across the North part of Lot 5 of the survey of the J. Monroe Gilbert property, being property of the Plaintiff, and that said right was acquired about the year 1970, although Defendant and his predecessors in title had used another roadway across Lot 5 prior to that time.
(4)The Court awards unto the Defendant, Jimmie L. Goodson, a permanent easement across the property of the Plaintiff, P.M. Jordan, for ingress and egress from his property to the roadway, and adjudicates that said roadway has been used continuously, openly, without interruption under a claim of title for the statutory period of more than 10 years (since 1970). The Court specifically finds that the Defendant, Jimmie L. Goodson, and his predeceasors [sic] in title acquired a prescription easement well prior to the changing of the location of the present roadway which had been used since about 1930. Again, the roadway is described as a strip of land 14 feet in width South of and adjacent to the boundary line between Lot 5 and Lot 2 of the survey of the J. Monroe Gilbert property, all of said 14 feet being on the Northern part of the property of Plaintiff. '
It is, therefore, ORDERED AND ADJUDGED that Plaintiff’s petition for issuance of mandatory injunction and other relief sought by Plaintiff is denied, and further Ordered and Adjudged that the Defendant, Jimmie L. Goodson, is awarded a permanent easement over and across the property of the Plaintiff as above described.
The location of the roadway had varied from pre-1970 to post-1970, but the right to a prescriptive easement was acquired prior to the changing of the location of the roadway and before any leasing of the Jordan property by Goodson. The record supports this factfinding by the chancellor, and I would not disturb his finding of fact unless he was manifestly in error, which I contend he was not. Williams v. Evans, 547 So.2d 54 (Miss.1989); Collins By Smith v. McMurry, 539 So.2d 127 (Miss.1989); Matter of Estate of Varvaris, 528 So.2d 800 (Miss.1988); Leard v. Breland, *854 514 So.2d 778 (Miss.1987); Lovett v. E.L. Garner, Inc., 511 So.2d 1346 (Miss.1987).
The chancellor referred to the roadway, rather than the path, throughout the span of time since 1930. The character of the road never changed as it was always used for ingress and egress for people, tractors, pickups, and cattle and its width was limited by the chancellor to fourteen (14) feet in width. Additionally, the right to the permanent prescription easement was found by the chancellor to have been acquired by 1970, which was prior to any lease period subsequent to 1974.
Respectfully, I would affirm the chancellor’s finding of facts and his application of the law.
SULLIVAN, J., joins this opinion.