Lowry *v.* Lowry

No. 40213          December 3, 1956          90 So. 2d 852

*Joseph E. Brown,* Natchez, for appellant.

*Fred A. Anderson, Jr.,* Gloster; *L. L. Forman,* Meadville, for appellee.

Kyle, J.

This case is before us on appeal by James Samuel Lowry, cross-defendant in the court below, from a de-

cree of the Chancery Court of Franklin County, awarding alimony, after a decree of divorce, to Mrs. Mary Lee Anderson Lowry, cross-complainant in the court below.

The record shows that the appellee was granted a decree of divorce from the appellant on her cross bill at the February 1955 Term of the court. The court in its decree retained jurisdiction of the cause as to alimony and support for cross-complainant and the minor child of the marriage, Emma Joy Lowry. The decree recited that the cross-defendant had been paying to the cross-complainant the sum of $100 a month for the support of the cross-complainant and the minor child; and it was ordered that such payments continue until a final adjudication was made as to the cross-defendant's liability for alimony and the amount thereof. After the rendition of the above mentioned decree the cross-complainant filed a formal petition for the allowance of permanent alimony in the sum of $250 per month, and for the allowance of an additional sum of $100 per month for the support, education and maintenance of the child. A hearing was granted on the petition at the September 1955 Term of the court, and a final decree was entered directing that the cross-defendant pay to the cross-complainant the sum of $200 per month as permanent alimony and support for herself and the minor child, and requiring the cross-defendant to enter into a good and sufficient bond to secure the payment of the same, such bond to be filed with the clerk within ninety days.

Before considering the question presented for our decision in the appellant's assignment of errors, it is necessary that we dispose of a motion filed by the appellee asking that the appeal be dismissed on the ground that the appellant is in default in the payment of some of the monthly installments of alimony which have already accrued under the provisions of the above mentioned decree, and has absented himself from the state for the purpose of avoiding compliance with the decree. The

motion was filed on October 29, 1956, and attached to the motion are two affidavits signed by the appellee and the assistant cashier of the local bank, at Meadville, from which it appears that the appellant is in default in the payments ordered to be made in the sum of approximately $1,300. The appellee has also alleged in her affidavit that the appellant left Franklin County on or about May 21, 1956, and that the appellee has been informed by the Post Office Department of Memphis, Tennessee, that the appellant is now employed as a clerk in the Post Office at Gilroy, California.

We are of the opinion that the motion to dismiss the appeal should be overruled.

■■ ■ The decree appealed from in this case is a final decree directing the payment of money in specified amounts as permanent alimony and for the support of the minor child. It is a decree from which the appellant had a right under the statute (Section 1147, Code of 1942) to prosecute an appeal. And we are of the opinion that the appellant's failure to pay in full the monthly installments of alimony ordered to be paid and which have matured while the appeal was pending does not warrant a dismissal of the appeal. Eastes v. Eastes, 79 Ind. 363; Dwelly v. Dwelly, 46 Me. 377; Vosburg v. Vosburg, 131 Cal. 628, 63 P. 1009; State ex rel. Bordeau v. District Ct., 31 Mont. 511, 79 P. 13; Wolfe v. Wolfe, 120 W. Va. 389, 198 S. E. 209.

■■■ ''As a general rule, where an appeal or writ of error is a matter of right, the party aggrieved by a judgment or decree is not deprived of the privilege of having it reviewed by the fact that he is in contempt of court.'' 4 C. J. S. 391, Appeal and Error, par. 208, and cases cited.

The appellant in this case has not ignored or failed to comply with any order of this Court for the payment of temporary alimony or suit money. If he has failed to comply with the order of the trial court directing the

payment of monthly installments of alimony and support money, he may be proceeded against as for a contempt; but such failure does not constitute sufficient cause for the dismissal of the appeal.

The motion to dismiss the appeal is therefore overruled.

The only point argued by the appellant's attorney as ground for reversal of the judgment of the lower court is that the amount of alimony allowed was excessive, unjust and oppresive in view of the financial conditon and earning capacity of the appellant, and in view of the financial condition of the appellee.

The record shows that the appellant and the appellee were married on December 6, 1931, and that the parties separated on July 23, 1954. Two children were born of the marriage, one daughter 23 years of age at the time of the hearing, who was married, and one daughter, the above mentioned Emma Joy Lowry, who was 15 years of age at the time of the hearing.

The appellee testified that she was 44 years of age, and that she and her minor daughter, Emma Joy, resided in the family dwelling house on the 367-acre tract of land south of White Apple, in Franklin County, which she had inherited from her father. She had worked for the Halton Lumber Company as a bookkeeper and secretary until a few weeks before the divorce suit was filed, and was paid $52.50 per week for her services. She had not worked since she and her husband separated. She was asked what her physical conditon was, and whether she was able to work. Her answer was, "I sure am not, not after all I've gone through. I am all to pieces and nervous." The appellee testified that the appellant was a rural mail carrier; that his salary amounted to $388 per month; and that in addition to his salary he received a mileage allowance of 9¢ per mile for the use of his automobile in carrying the mail.

The appellee testified that she was the owner of the above mentioned 367 acres of land; that approximately 40 acres of the land was in cultivation and was used for the production of hay crops; that she owned 40 head of grown cattle and 12 calves; and that her cattle sales amounted to about $383 a year. She stated that she and her husband had sold about $600 worth of timber during the year 1954, and that she had sold about $1,000 worth of timber during the year 1955. She stated that she had received the sum of $10,000 in December 1952 as a bonus on an oil lease. She had used $1,000 of the bonus money to buy a piano for her daughter, and had spent some of the money in rebuilding and furnishing her house. She had invested $5,000 of the bonus money in Investors Syndicate certificates, which she still owned and from which she received an annual income of $126. She also owned $2,000 of two per cent bonds, from which she received an annual income of $40.

The appellant testified that his salary was $422.76, plus a car allowance of 9¢ a mile. He owned no property other than the car that he used to deliver the mail, and he had no income other than that received by him as a mail carrier. At the time of the hearing he was living with his mother, who was 74 years of age, in an apartment built over a warehouse behind the post office in the Town of Roxie. He paid $45 a month rent for the apartment. His mother's health was very poor; and she had no income other than what the appellant and his brother and sister gave her. The appellant testified that he had been paying the appellee $100 per month since the divorce was granted. His grocery bills amounted to $85 a month. His other living expenses included expenditures for lights, water, gas, heat and telephone service. He had saved $1,000 while he was in the Navy, and had invested that money in the chicken business which he turned over to his wife at the time of their separation.

He estimated that the cost of the building and other facilities provided for the chicken business amounted to $1600 or $1800. He had on hand approximately 390 grown hens at the time of the separation. He had a truck, upon which he had made the down payment, and later paid the balance of the purchase price, which amounted to $1,256.40, out of his salary. He had paid for a tractor, a mower, two discs and one or more harrows, the total cost of which amounted to $2,555. He stated that he had left all of that property on the 367-acre farm owned by the appellee at the time of the separation The only things that he had taken with him when he left home were his clothes, a radio and his car. He stated that there was an indebtedness on the chicken business when he left, and that he was still paying on the feed bill at the time of the hearing.

It is the general rule in this state that the matter of awarding alimony, both temporary and permanent, is largely within the discretion of the trial court "and is not subject to revision and correction on appeal, unless it is erroneous on its face, or unjust to either party, or oppressive." Winkler v. Winkler, 104 Miss. 1, 61 So. 1, 2, Ann. Cas. 1915C, 1250; Gresham v. Gresham, 198 Miss. 43, 21 So. 2d 414.

We are reluctant to disturb the finding of the chancellor in any manner in a case of this kind. But we think that the amount which the court directed the appellant to pay to the appelle in the case that we have here as permanent alimony and support for herself and the minor child is unjust and oppressive under the facts disclosed by the record. The testimony of both parties shows that the appellant had no income other than his salary as a rural mail carrier. The appellant owned no property at the time of the hearing except the automobile which he used in carrying the mail. The testimony shows also that the appellee owned her own home and 367 acres of land, and in addition thereto personal property of the

value of several thousand dollars, and that prior to the separation she had been employed as a bookkeeper and secretary at a salary of more than $200 per month.

Section 2743, Code of 1942, as amended by Chapter 228, Laws of 1954, provides that, when a divorce is de-creed from the bonds of matrimony, the court may, in its discretion, make such orders as may seem equitable and just, having regard to the circumstances of the parties, touching the care, custody and maintenance of the children of the marriage, and also touching the maintenance and alimony of the wife, and ''where proof shows that both parents have separate incomes or estates, the court may require that each parent contribute to the support and maintenance of the children of the marriage in proportion to the relative financial ability of each.''

We think the provisions of the last clause of the above mentioned statute are peculiarly applicable to this case. The appellee was financially able to contribute, and should have been required to contribute, to the support and maintenance of the child, Emma Joy.

■■ This Court has the power to affirm, reverse, or modify the decree appealed from, or it may reverse in part and affirm in part, or remand for a new hearing, and where all the facts necessary to enable it to do justice are contained in the record, it may make such order with respect to alimony or allowances as the trial court should have made. 27 C. J. S., Divorce, p. 1111, Sec. 289. ■■ The essential facts are in the record; and there is no need to remand the cause for a rehearing.

■■ For the reasons stated above the decree of the lower court will be modified by this Court so as to reduce the amount which the appellant shall be required to pay to the appellee as permanent alimony and support for herself and the minor child from $200 per month to $150 per month; $100 of each such monthly payment to be paid to her as alimony, and the remaining $50 to

be paid to her for the support of her minor child. Said payments shall be made in semimonthly installments of $75 each on the 1st and 15th days of each month, as provided in the original decree. The reduction in the amount of the alimony and support allowance thus made shall be effective as of the date of the rendition of the decree from which the appeal was taken; and the decree of the lower court as thus modified is affirmed.

The costs of this appeal shall be adjudged against the appellant.

Modified and affirmed.

*McGehee, C. J.,* and *Hall, Lee* and *Holmes,* JJ., concur.