.IN THE SUPREME COURT OF MISSISSIPPI
NO. 97-CA-00247-SCT

*JANIS VODA*

*v.*

*ANDREW B. VODA*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/30/96 |
| TRIAL JUDGE: | HON. MICHAEL L. CARR, JR. |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | SUZANNE BAKER STEELE |
| ATTORNEY FOR APPELLEE: | GARY L. ROBERTS |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | AFFIRMED - 1/21/99 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**MILLS, JUSTICE, FOR THE COURT:**

¶1. From a judgment of divorce in the Jackson County Chancery Court, Janis Voda appeals. She complains of the failure to properly weigh appropriate factors while refusing to grant lump sum alimony, periodic alimony, rehabilitative alimony, or attorney's fees. Although the chancellor failed to detail his consideration of the alimony factors in this case, we do not find this error fatal to the decision. Janis specifically raises the following issues:

**I. WHETHER THE LOWER COURT ERRED IN REFUSING TO AWARD JANIS VODA PERIODIC OR REHABILITATIVE ALIMONY**

**II. WHETHER THE LOWER COURT ERRED IN FAILING TO APPLY THE APPROPRIATE FACTORS TO DETERMINE WHETHER OR NOT TO AWARD LUMP SUM ALIMONY AND PERIODIC ALIMONY**

**III. WHETHER THE LOWER COURT IN MANIFEST ERROR IN DIVIDING THE PARTIES' RETIREMENT ASSETS**

**IV. WHETHER THE LOWER COURT IN ERROR WHEN IT DENIED JANIS VODA'S REQUEST FOR ATTORNEY'S FEES**

## STATEMENT OF FACTS

¶2. Andy and Janis Voda were married on July 27, 1985, and finally separated in October 1994. Two children were born during the marriage: Britini, born September 29, 1987, and Garret born February 24, 1992. A divorce was granted to Janis on the ground of statutory adultery on October 7, 1996.

¶3. At the time of trial, Janis was 35 years old and held a Bachelor's degree in Polymer Science from the University of Southern Mississippi. She had worked at Ingalls Shipyard for $24,000 per year before Garret was born. Andy was working as a salesperson for Lokring, Inc. His salary consisted of a base of $35,000 per year, a $6,000 per year auto allowance, and a 2% sales commission. Janis estimates his total income is around $50,000. The couple owned two pieces of property. A lot and house were purchased in 1993 and Andy lived there during a previous separation. The couple paid $33,100 for the property. At trial, it had an outstanding debt of $28,833. The couple also owned a debt-free lot on Margie Moore Street purchased for $25,000.

¶4. Janis and Andy both have retirement accounts. At the time of trial, Janis's account contained $16,555.40 and Andy's account contained $48,251.41. Andy also noted that Janis took control of two brokerage accounts worth $3937.50 at separation. The couple had a joint bank account which contained $20,000. Janis took $10,000 out of this account and paid her parents for what she considered a loan to purchase the Margie Moore property.

¶5. At the time of separation, Andy was driving a 1991 Toyota with $7,300 equity. Janis was driving a 1983 Nissan Maxima station wagon which she did not insure and later wrecked. After the separation, Janis incurred $2,000 worth of credit card bills and $4,800 in attorney's fees. At trial, Andy was still liable for $1,300-$1,400 for family medical bills.

¶6. The chancellor (1) ordered Andy to pay $600 per month in child support, (2) ratified the agreement of the parties as to personal property, (3) ordered Andy to continue to provide health insurance for Janis for 18 months, (4) gave the Margie Moore property and the two stock brokerage accounts to Janis, (5) gave the Criswell Street property to Andy, (6) gave each party a deduction for a child on their income tax, (7) denied Janis's request for attorney's fees, (8) awarded each party their respective 401(k) plans, (9) ordered Andy to be responsible for the credit card debt, (10) and awarded each party one life insurance policy. On motion to reconsider, Andy agreed and was ordered to pay Janis $208 per month for 9 months so that she could purchase an automobile.

## I. WHETHER THE LOWER COURT ERRED IN REFUSING TO AWARD JANIS VODA PERIODIC OR REHABILITATIVE ALIMONY

## II. WHETHER THE LOWER COURT ERRED IN FAILING TO APPLY THE APPROPRIATE FACTORS TO DETERMINE WHETHER OR NOT TO AWARD LUMP SUM ALIMONY AND PERIODIC ALIMONY

¶7. Our standard of review for an award of alimony is very clear. Such awards are left to the discretion of the chancellor. *Armstrong v. Armstrong*, 618 So. 2d 1278, 1280 (Miss. 1993)(*citing McEachern v. McEachern*, 605 So. 2d 809, 814 (Miss. 1992); *Cherry v. Cherry*, 593 So. 2d 13, 19 (Miss. 1991)). Unless the chancellor is in manifest error and abused his discretion, we will not reverse. *Id.* (*citing Powers v. Powers*, 568 So. 2d 255, 257 (Miss. 1990); *Carpenter v. Carpenter*, 519 So. 2d 891, 894-95 (Miss.

1988); ***McNally v. McNally***, 516 So. 2d 499, 501 (Miss. 1987); ***Massey v. Massey***, 475 So. 2d 802 (Miss. 1985); ***Hopton v. Hopton***, 342 So.2d 1298, 1300 (Miss. 1977)).

¶8. The standard is the same for periodic and rehabilitative alimony. Rehabilitative alimony is simply a variation, an additional tool to be used in the chancellor's discretion. ***Hubbard v. Hubbard***, 656 So. 2d 124, 130 (Miss. 1995). Rehabilitative alimony provides for a party who is trying to become self-supporting and prevents that party from becoming destitute while searching for a means of income. ***Id.*** Rehabilitative alimony is for a fixed period in contrast to periodic alimony which is for an indefinite period. ***Id.***

¶9. Lump sum alimony is a final settlement between husband and wife which cannot be modified absent fraud. ***Armstrong***, 618 So. 2d at 1281. Lump sum alimony may be paid all at one time or spread over several installments. ***Id.***

¶10. With any type of alimony award, the factors for the chancellor's consideration are as follows:

A. Income and expenses of the parties

B. Health and earning capacities of the parties

C. Needs of each party

D. Obligations and assets of each party

E. Length of the marriage

F. Presence or absence of minor children in the home

G. Age of the parties

H. Standard of living of the parties during marriage and at support determination

I. Tax consequences of the spousal support order

J. Fault or misconduct

K. Wasteful dissipation of assets by either party

L. Any other equitable factors

***Parsons v. Parsons***, 678 So. 2d 701, 703 (Miss. 1996)(*citing **Ethridge v. Ethridge***, 648 So.2d 1143, 1146 (Miss.1995); ***Armstrong***, 618 So. 2d at 1280.)

¶11. We presume on appeal that the chancellor has taken all factors into consideration. ***Tanner v. Tanner***, 481 So. 2d 1063, 1064 (Miss. 1985)(*quoting **Pickering v. Pickering***, 51 So. 2d 740, 741 (Miss. 1951) and *citing **Gardiner v. Gardiner***, 230 Miss. 778, 93 So. 2d 638, 641 (1957)). Even if the chancellor has failed to delineate all the factors on the record, where all the facts are available to us, we are not required to remand the case to the trial court. We have held:

This Court has the power to affirm, reverse, or modify the decree appealed from, or it may reverse in part and affirm in part, or remand for a new hearing, and where all the facts necessary to enable it to

do justice are contained in the record, it may make such order with respect to alimony or allowances as the trial court should have made. The essential facts are in the record; and there is no need to remand the cause for a rehearing.

*Lowry v. Lowry*, 229 Miss. 376, 384, 90 So. 2d 852, 856 (1956)(citation omitted); *Tanner*, 481 So. 2d at 1065(*quoting Lowry,* 229 Miss. at 384, 90 So. 2d at 856). It may be impossible or burdensome to make an equitable determination from the facts available in some cases. *See Johnson v. Johnson*, 650 So. 2d 1281, 1287 (Miss. 1994)(remanding since the chancellor had not designated the property as either marital or non-marital); *McEachern*, 605 So. 2d at 815(remanding because the decision to reduce alimony was based simply on same reduction in the child support). However, when we are presented with the facts, we have the authority to, and should, decide the appropriate award.

¶12. Therefore, our inquiry becomes whether the facts support the chancellor's award. To make this determination, we must consider the factors.

## A. *Income and expenses of the parties*

¶13. At the time of trial, Andy's net monthly income was $2,754.25, and he listed his expenses totalling $3037.00 including a $550 temporary alimony payment to Janis. On her financial statement, Janis also listed a $25 income from the "sale of puppies and kittens." She claimed personal expenses of $1,838.12 per month.

## B. *Health and earning capacities of the parties*

¶14. Both parties are in good health. Andy has a Master's degree in Business Administration and projected a gross income of $46,000 for the year of 1996. Janis has a bachelor's degree in Polymer Science, and she testified her highest salary before leaving work at Ingalls in 1991 was between $24,000 and $26,000. Janis obviously has a lower earning capacity than Andy and has been unemployed for some time.

## C. *Needs of each party*

¶15. As discussed above, each party has his or her respective financial needs. Otherwise, no special needs are apparent.

## D. *Obligations and assets of each party*

¶16. Janis had control of the following assets at the time of trial: (1) the Margie Moore lot valued at over $25,000, (2) her 401(k) plan containing $16,555, (3) two stock accounts containing $2,937, (4) an income tax refund check for $900 and (5) $20,000 cash from a joint bank account. Janis used $10,000 of the money in the joint account to pay her parents for a debt allegedly incurred during the marriage. No written obligation was produced and Andy denied the indebtedness. Otherwise, Janis's only liability will be property tax on the Margie Moore lot.

¶17. Janis was involved in an automobile accident and had no insurance. This destroyed the value of her automobile.

¶18. Andy had control of the following assets at the time of trial: (1) the Criswell property with a purchase price of $33,100 and outstanding debt of $28,833, (2) $7,300 in equity in a 1991 Toyota 4-Runner, (3)

$3,000 from a joint account, (4) his 401(k) plan containing $48,251, (5) and an income tax refund check for $900. At the time of the separation, Andy Voda only had $2,800 equity in the car he was driving. His employer has paid for the additional equity in his vehicle since that time. Janis accrued $1,300 in credit card debt for which Andy is now obligated. Andy is liable for his property tax, $4,428 of Janis's health insurance premiums, and $1,872 in car payments for Janis.

### E. Length of the marriage

¶19. The parties were married for 11 years.

### F. Presence or absence of minor children in the home

¶20. The parties were awarded joint legal custody of the 2 minor children, Britini and Garret. Janis was awarded primary physical custody subject to detailed visitation rights. Andy has been ordered to contribute $600 per month for child support. This should cover the children's expenses of $561.48.

### G. Age of the parties

¶21. Janis was born November 13, 1960, and Andy was born April 17, 1961. Both parties were 35 years old at the time of trial.

### H. Standard of living of the parties during marriage and at support determination

¶22. The parties, both before and after the marriage, maintained a middle-class standard of income.

### I. Tax consequences of spousal support order

¶23. Janis will not be taxed on payments made to her by Andy since the settlement order does not characterize these payments as alimony. Both parties will be responsible for their respective property taxes.

### J. Fault or misconduct

¶24. Janis was granted a divorce on statutory adultery grounds.

### K. Wasteful dissipation of assets by either party

¶25. There is no evidence of waste by the parties.

### L. Other equitable factors

¶26. The record reflects no other factors used to determine the chancellor's award.

¶27. Andy's share of the property totals $57,378 and Janis' s share of the property totals $55,392. These amounts have been reduced by debts of the parties that are owing or have been paid since the separation. The lower court ordered Andy to pay $4,428 of Janis's health insurance premiums and $1,872 in car payments for Janis. While this award was not labeled alimony, we determine an alimony award based on the substance, not the label. **Bowe v. Bowe**, 557 So. 2d 793, 795 (Miss. 1990). This award served the same purpose as rehabilitative alimony, and the distribution of property as a whole was equitable. This Court cannot further correct the disparity in income of the parties with an award of child support and alimony. Therefore, we find no error in the chancellor's award of alimony and no merit in these two issues.

## III. WHETHER THE LOWER COURT WAS IN MANIFEST ERROR IN DIVIDING THE PARTIES' RETIREMENT ASSETS

¶28. The lower court did not include the balancing factors in the record when distributing the retirement assets. While these factors are to be considered, as discussed earlier this is not manifest error. In addition, making an equitable division of marital property does not mandate an equal division. *Love v. Love*, 687 So. 2d 1229, 1231-32 (Miss. 1997). As discussed earlier with regard to alimony, the distribution of property taken as a whole was equitable although not equal on each item. For example, while Andy received property with only $6,000 equity, Janis received a piece of real estate with equity in excess of $25,000. We find no error in the trial court's distribution of retirement assets.

## IV. WHETHER THE LOWER COURT ERRED WHEN IT DENIED JANIS VODA'S REQUEST FOR ATTORNEY'S FEES

¶29. The party seeking attorney's fees is required to clear some evidentiary hurdles before fees may be awarded. If the record is insufficient to show an inability by the requesting party to pay attorney's fees, it would be an abuse of discretion to award them. *Johnson,* 650 So. 2d at 1288-89. The record is devoid of evidence that would show Janis was unable to pay her fees. In fact, the record simply shows her unwillingness to liquidate or otherwise use the largest asset the court awarded her, the lot valued at over $25,000, to support herself and her children. There is no evidence that Janis's attorney's fees are reasonable since she simply states she has incurred fees totaling $4,800. While we have held in other cases that the lower court can decide attorney's fees on remand, there is no reason to remand this case and no reason to disturb the lower court's ruling that each party should pay his or her own attorney's fees.

¶30. The chancellor's decision was equitable. All the evidence points to this conclusion. Each item was not distributed equally, but this is not required. This Court has the ability to weigh the factors for alimony and property distribution to decide if there was an abuse of discretion even when the chancellor did not include his balancing of these factors on the record. We find satisfactory proof supporting the learned chancellor's ruling. Therefore, the judgment of the Jackson County Chancery Court is affirmed.

¶31. **AFFIRMED.**

**PRATHER, C.J., McRAE, ROBERTS, SMITH AND WALLER, JJ., CONCUR. BANKS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY SULLIVAN AND PITTMAN, P.JJ.**

    **BANKS, JUSTICE, DISSENTING:**

¶32. In this case, the trial court did not properly examine the factors giving rise to support through lump sum, periodic, or rehabilitative alimony, or any combination thereof. In my view, the chancellor's failure to delineate all the factors on the record makes it unclear as to whether the awards were equitable. Without a proper examination of the necessary factors on the record, it cannot be determined whether the chancellor even considered the factors in making the awards. Therefore, I would vacate the judgment below and remand this case to the lower court with instructions that it explicitly consider and address the applicable factors on the record. It is for this reason that I, respectfully, dissent.

**SULLIVAN AND PITTMAN, P.JJ., JOIN THIS OPINION.**