RUSSELL, J.,
concurring in part and dissenting in part:
¶ 52. I concur with the majority regarding the award of joint legal and physical custody to Thomas and Kimberly. I also concur with the majority regarding the chancellor’s alimony award. However, I dissent as to the chancellor’s award of attorney’s fees to Kimberly.
¶ 53. “An award of attorney’s fees ... is entrusted to the sound discretion of the chancellor.” Stigler v. Stigler, 48 So.3d 547, 555 (¶ 27) (Miss.Ct.App.2009). See also McKee v. McKee, 418 So.2d 764, 767 (Miss.1982). However, “[a]ttorney’s fees may only be awarded to a party who has shown an inability to pay.” Rhodes v. Rhodes, 52 So.3d 430, 449 (¶ 79) (Miss.Ct.App.2011) (citing Voda v. Voda, 731 So.2d 1152, 1157 (¶ 29) (Miss.1999)). “A trial court abuses its discretion by awarding attorney’s fees without first finding that the party is unable to pay the fees.” Hankins v. Hankins, 729 So.2d 1283, 1286 (¶ 13) (Miss.1999).
¶ 54. In the instant case, Kimberly failed to demonstrate an inability to pay her own attorney’s fees. Further, the chancellor did not make any finding as to Kimberly’s inability to pay. In fact, the chancellor specifically noted that each party was gainfully employed. Therefore, the chancellor’s award of attorney’s fees was manifestly wrong and an abuse of discretion. See Ladner v. Ladner, 49 So.3d 669, *767 672-73 (¶ 17) (Miss.Ct.App.2010) (reversing an award of attorney’s fees where there was no finding of an inability to pay).
¶ 55. The majority notes that an award of attorney’s fees and expenses are allowed “where a party’s intentional misconduct causes the opposing party to expend time and money needlessly[.]” State v. Blenden, 748 So.2d 77, 87 (¶33) (Miss.1999); Mabus v. Mabus, 910 So.2d 486, 488-92 (¶¶ 7-24) (Miss.2005). However, the chancellor never made a specific finding of “intentional misconduct” which would warrant an award of attorney’s fees to Kimberly. Thomas filed the TRO following a domestic altercation between him and Kimberly. Kimberly called the police, but she was the one arrested. Therefore, in my view, Thomas was justified in filing for a TRO.
¶ 56. In this case, if the chancellor’s statement — that he awarded the attorney’s fees “on the basis of the TRO obtained by [Thomas] and ‘in dealing with the consequences of that [TRO]’ ” — can be inferred to be a finding of “intentional misconduct,” then no finding of an inability to pay is required. A review of the record does not reflect substantial evidence to support the chancellor’s assessment of $15,000.00 in attorney’s fees for Kimberly’s defense of the TRO. As such, I would reverse the chancellor’s award of attorney’s fees to Kimberly and remand this case for a computation of attorney’s fees to reflect the actual amount incurred in defending the TRO.
IRVING, P.J., JOINS THIS OPINION.