CARLTON, J.,
concurring in part and dissenting in part:
¶ 33. I concur with the majority’s opinion except for the majority’s reversal of the chancellor’s finding of contempt and *831 sanctions. In my opinion, the majority exceeds our appellate standard of review by reversing the chancellor’s decision as to the contempt and sanctions. Appellate courts possess a limited standard of review with respect to consideration of a trial court’s finding of contempt to enforce the rights of private litigants or an order of a court, and precedent reflects that such findings are subject to manifest-error review. Dennis v. Dennis, 824 So.2d 604, 608 (¶ 7) (Miss.2002); Broome v. Broome, 841 So.2d 1204, 1207 (¶ 10) (Miss.Ct.App.2008). See Miss.Code Ann. § 11-51-12 (Rev.2012).
¶ 34. The discretion of the trial court must be respected in fact-heavy decisions, such as findings of contempt and awards of sanctions. Such decisions require that the trial court assess facts and credibility, the intent to comply with court orders, and willfulness of any non-compliance. Without the ability to assess such facts and to find contempt when appropriate, the trial court lacks ability to enforce its own orders and achieve compliance in the face of continued defiance. See Matter of Estate of Hollaway, 631 So.2d 127, 132-35 (Miss.1993) (finding that the court can assess magnitude and character of harm threatened when determining effectiveness of sanctions in light of continued defiance).[3] To avoid judgment of contempt upon a showing of contempt, the defendant must show with particularity that he is -without ability to pay. Id. at 132.
¶ 35. Based on the foregoing, I concur in part and dissent in part with respect to the majority’s opinion.

. See McDuffie v. McDuffie, 21 So.3d 685, 692 (¶ 23) (Miss.Ct.App.2009) (contempt matters are committed to the trial court’s "substantial” discretion); Weeks v. Weeks, 29 So.3d 80, 88 (¶ 32) (Miss.Ct.App.2009) (“Whether a party is in contempt is left to the chancellor’s substantial discretion.").