CARLTON, J.,
concurring in part and dissenting in part:
¶ 19. I respectfully submit that judicial efficiency is lost by reversing and remanding the chancellor’s judgment on the issue of alimony. I would affirm the judgment, including the chancellor’s decision not to award alimony. Substantial evidence exists in the record to support the decision and judgment of the chancellor, and the judgment explicitly reflects the chancellor’s consideration of the Armstrong[1] factors in reaching the decision. See Goodin v. Dep’t of Human Sens., State of Miss., 772 So.2d 1051, 1054 (¶ 6) (Miss.2000). In declining to award rehabilitative and permanent alimony, the chancellor specifically referred to Diana’s past employment and future employability, inherently acknowledging a lack of need for such alimony.
¶ 20. On appeal, this Court presumes that the chancellor has taken all Armstrong factors into consideration, “[e]ven if the chancellor has failed to delineate all the factors on the record, where all the facts are available to us.” Voda v. Voda, 731 So.2d 1152, 1155 (¶ 11) (Miss.1999). In Voda, the supreme court cited to Lowry v. Lowry, 229 Miss. 376, 384, 90 So.2d 852, 856 (1956), clarifying:
This Court has the power to affirm, reverse, or modify the decree appealed from, or it may reverse in part and affirm in part, or remand for a new hearing, and where all the facts necessary to enable it to do justice are contained in the record, it may make such order with respect to alimony or allowances as the trial court should have made. The essential facts are in the record; and there is no need to remand the cause for a rehearing.
Voda, 731 So.2d at 1155 (¶ 11); see also Goellner v. Goellner, 11 So.3d 1251, 1258 (¶ 24) (Miss.Ct.App.2009).
¶ 21. I find that the record supports that the chancellor gave the Armstrong factors ample consideration in reaching his decision not to award alimony, and I respectfully submit that the chancellor’s findings were not manifestly wrong or clearly erroneous, nor did the chancellor apply an *1220 erroneous legal standard. See Mizell v. Mizell, 708 So.2d 55, 59 (¶ 13) (Miss.1998). Accordingly, I would affirm the chancellor’s judgment.

. Armstrong v. Armstrong, 618 So.2d 1278, 1280 (Miss.1993).